## WYMAN *v.* UNITED STATES (No. 2533)[1]

1. CONSTRUCTION, PARAGRAPH 1606, TARIFF ACT OF 1922—"IN PARTS."

Paragraph 1606, Tariff Act of 1922, admits free "harness, saddles, and saddlery, in sets or parts." While ordinarily significance should be given to the difference between providing for "parts of" designated articles and designated articles "in parts," in this particular instance Congress did not intend to confine the free-list provision to harness, saddles, or saddlery in a knocked-down condition.

2. CONSTRUCTION, PARAGRAPHS 1436 AND 1606, TARIFF ACT OF 1922—"SADDLERY."

The term "saddlery," in paragraphs 1436 and 1606, Tariff Act of 1922, covers all articles and fittings used as horse furniture or equipment except harness and saddles and their parts, the specific provisions of the paragraphs for such exceptions serving to show that Congress did not regard them as included in the term "saddlery." If any merchandise *should* be equally within the term "saddlery" in both paragraphs, it would be dutiable under paragraph 1436, and not free under paragraph 1606.

3. SADDLE-HORSE EQUIPMENT.

Saddles appraised at $24.32 each are free under paragraph 1606, Tariff Act of 1922. Saddle girths made of wool webbing, leather, and buckles, and stirrup leathers, to be used with saddles valued at from $28 to $32 each, are parts of the saddles and as such free also under the paragraph. Bridles and reins, saddle covers, nosebands, martingales, and halters, all designed to be used with saddle horses, are not parts of harness or of saddles, and are dutiable under paragraph 1436 as saddlery.

United States Court of Customs Appeals, November 4, 1925

APPEAL from Board of United States General Appraisers, Abstract 48416

[Affirmed in part and reversed in part.]

*Comstock & Washburn (J. Stuart Tompkins* of counsel) for appellant.
*William W. Hoppin,* Assistant Attorney General (*Fred J. Carter,* special attorney, of counsel), for the United States.

[Oral argument Oct. 5, 1925, by Mr. Tompkins and Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Two saddles, each appraised at $24.32, stirrup leathers, felt saddle covers, reins, halters, bridles, martingales, nosebands, and girths,

---

[1] T. D. 41198.

imported at Chicago, were assessed for duty by the collector of customs at 35 per centum ad valorem under paragraph 1436 of the Tariff Act of 1922, which paragraph reads as follows:

PAR. 1436. Harness valued at more than $70 per set, single harness valued at more than $40, saddles valued at more than $40 each, saddlery, and parts (except metal parts) for any of the foregoing, 35 per centum ad valorem.

The importer protested that the merchandise was saddlery free of duty under the provisions of section 201 and paragraph 1606 of the free list, the pertinent parts of which section and paragraph read as follows:

FREE LIST

SEC. 201. * * * the articles mentioned in the following paragraphs, when imported into the United States * * *, shall be exempt from duty:

PAR. 1606. Leather: All leather not specially provided for; harness, saddles, and saddlery, in sets or parts, except metal parts, finished or unfinished, and not specially provided for; leather cut into shoe uppers, vamps, soles, or other forms suitable for conversion into manufactured articles; and leather shoe laces, finished or unfinished.

The Board of General Appraisers entered judgment sustaining protest 985379 as to the saddles and overruling the protests as to all other merchandise. From the judgment overruling the protests the importer appealed.

The importer testified that martingales were used "to hold down the horse's head and were attached to the bridle and saddle"; that the bridles and martingales were each worth less than $40; that nosebands were parts of the bridles and were worth less than $40 and would sell, as a rule, with a saddle costing less than $30; that bridles were not parts of saddles.

As introduced in the House, reported to the House, and passed by the House, the tariff bill of 1922 free listed "harness, saddles, and saddlery, in sets or parts, except metal parts, finished or unfinished."

The Finance Committee of the Senate struck out the House provision free listing harness, saddles, and saddlery, in sets or parts, and recommended that such articles be made dutiable as prescribed by the following paragraph:

PAR. 1435. (a) Harness, saddles, and saddlery in sets or parts, except metal parts, for any of the foregoing, finished or unfinished, 35 per centum ad valorem.

The Senate restored the free-list provision passed by the House, but amended the House bill by inserting in the dutiable list the following paragraph:

PAR. 1436. Harness valued at more than $70 per set, saddles, valued at more than $40 each, saddlery and parts (except metal parts) for any of the foregoing, 35 per centum ad valorem.

In conference the duty and free-list paragraphs were modified so as to read as follows:

Par. 1436. Harness valued at more than $70 per set, *single harness valued at more than $40*, saddles valued at more than $40 each, saddlery, and parts (except metal parts) for any of the foregoing, 35 per centum ad valorem.

Par. 1606. * * * Harness, saddles, and saddlery in sets or parts, except metal parts, finished or unfinished and *not specially provided for* * * *

The House bill, the Finance Committee's report, the Senate bill, the bill as agreed upon in conference, and the law as finally passed, all provide for harness, saddles, *saddlery*, and nonmetallic parts thereof.

Paragraph 1436 unmistakably imposes a duty of 35 per centum, first, on all harness valued at more than $70 per set; second, on single harness and saddles valued at more than $40; third, on parts of dutiable harness and saddles; and, fourth, on saddlery and parts thereof without regard to value; that is to say, *on all horse furniture and equipment and parts thereof other than harness and saddles.*

Paragraph 1606 of the free list provides for harness, saddles, and saddlery "in sets or parts," while paragraph 1436 provides for harness, saddles, saddlery, "and parts." While, ordinarily, significance should be given to this difference in language, considering the legislative history of the paragraphs, as detailed herein, we are of opinion that in this instance Congress intended to cover parts of the enumerated articles in both paragraphs, and did not intend to confine the free-list provision to harness, saddles, or saddlery in a knocked-down condition.

Paragraph 1606 exempts from duty all harness, saddles, and saddlery in sets or parts, finished or unfinished, *not specially provided for.*

The importer argues that the term "saddlery" used by both Houses must be construed to mean materials for making saddles and all articles used with saddles. We are not in accord with that construction and feel quite sure that Congress did not use the word "saddlery" in the sense for which the importer contends.

As commonly understood, "saddlery" means either saddles and whatever belongs to them collectively or *all leather articles and fittings used about horse furniture or for the equipment of horses.* See "Saddlery"—New Standard Dictionary and Century Dictionary. Webster's New National Dictionary defines "saddlery" to be "the materials for making saddles and harness; *the articles usually offered for sale in a saddler's shop.*"

Taking into consideration that harness and saddles are particular kinds of saddlery and were with their nonmetallic parts specifically enumerated in paragraphs 1436 and 1606, it is apparent that Congress intended that in both paragraphs the designation "saddlery" should

include all articles and fittings used as horse furniture or equipment not covered by the designation "harness, saddles, and part thereof." In other words, Congress having expressly provided for harness, saddles, and parts thereof, it can hardly be assumed that there was a legislative intent to provide for the very same tariff entities under the designation "saddlery."

In our opinion there is nothing in the dutiable and free-list paragraphs which would justify us in holding that either House intended to limit the term "saddlery" to parts of harness or saddles. Indeed, any such construction as that would render unnecessary the express provision for parts of harness and saddles and deny effect to some of the language actually used by Congress.

It is true that saddlery is made dutiable by paragraph 1436 and that saddlery not provided for is exempted from duty by paragraph 1606. However, as saddlery is provided for and subjected to duty by paragraph 1436, that paragraph must be preferred to the free-list provision.

Bridles for riding, reins for riding bridles, and leather nosebands, martingales, halters, and Caveson nosebands, designed for use on riding animals, are not parts of harness or of saddles. It is evident, therefore, that, even if we gave to the term "saddlery" the meaning for which the plaintiff contends, the articles just named could not be admitted free of duty inasmuch as they are separate, distinct entities which are not harness, saddles, or parts thereof.

The testimony establishes without contradiction that the saddle girths are made of wool, wool webbing, leather, and buckles. It is also proven that such girths and stirrup leathers are parts of saddles and designed to be used on saddles which, when complete, vary from $28 to $32 in value. As the stirrup leathers and girths are parts of saddles valued at $40 or less, they were entitled to free entry under paragraph 1606.

There is nothing in the evidence submitted by the importer which would justify us in concluding that the saddle covers are parts of saddles and we must therefore hold that they were saddlery and consequently dutiable under paragraph 1436.

The judgment of the board is *reversed* as to the saddle girths and stirrup leathers and *affirmed* as to all other merchandise described in the protests.

*Affirmed* in part and *reversed* in part.