UNITED STATES *v.* KRISS KROSS CORP. (No. 3957)[1]

United States Court of Customs and Patent Appeals, October 26, 1936

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *John J. McDermott*, special attorney of counsel), for the United States.

*James R. Ryan* for appellee.

[1] T. D. 48607.

[Oral argument October 7, 1936, by Mr. Lawrence; submitted on brief by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This case involves the proper dutiable classification for customs purposes of certain small metal cogs or gear wheels, composed of steel and brass, which are used as parts of cigar or cigarette lighters.

The Collector of Customs at the port of Chicago classified the merchandise as parts of metal combination pocket cigarette cases and lighters, valued at over 20 cents per dozen pieces, and assessed the same for duty at 1 cent each and 50 per centum ad valorem under paragraph 1527 (c) (2), Tariff Act of 1930.

The appellee, importer, protested said classification and assessment of duty, and at the trial contended that since the cogs were not valued above 20 cents per dozen pieces, the merchandise was not dutiable under said paragraph 1527 (c) and that it should have been assessed for duty purposes under the provisions of paragraph 1527 (d) at 80 per centum ad valorem as "other materials of metal, * * * suitable for use in the manufacture of any of the foregoing articles in this paragraph, * * * if of other metal or metals."

As set out in the opinion of the trial court, the pertinent portions of the two competing provisions are as follows:

PAR. 1527.

\* \* \* \* \* \* \*

(c) Articles *valued above 20 cents per dozen pieces*, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, * * * cigar lighters, * * * match boxes, * * * and like articles; all the foregoing *and parts thereof*, finished or unfinished:

\* \* \* \* \* \* \*

(2) Composed wholly or in chief value of metal other than gold or platinum, * * * 1 cent each and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

(d) Stampings, * * * *and other materials of metal*, * * * finished or partly finished, separate or in strips or sheets, suitable for use in the manufacture of any of the foregoing articles in this paragraph, if of gold or platinum, 75 per centum ad valorem; *if of other metal or metals*, plated or unplated, 80 per centum ad valorem. [Italics ours.]

The United States Customs Court, First Division, held that since the wheels or cogs were not valued above 20 cents per dozen pieces, the collector had erroneously assessed them, and sustained the protest, holding that the same were dutiable under paragraph 1527 (d) at 80 per centum ad valorem as claimed. The Government has appealed from the said holding to this court.

The meager testimony in the record shows that the wheels were worth a trifle over one and one-half cents apiece, which is a little less than 20 cents per dozen pieces, and that they were composed entirely

of base metal—steel and brass. Appellee's counsel at the trial stated that the importation was used as little wheels for cigar lighters, and that the cigar lighters were carried or worn on the person. He also conceded that the cigar lighters into which the wheels would go would cost more than 20 cents per dozen pieces.

In view of the concessions of counsel and the classification by the collector, the question here for decision is whether or not a part of a base metal article of the kind described, which part is valued at a sum not above 20 cents per dozen pieces, is dutiable at the same rate as the completed article which is valued above 20 cents per dozen pieces. This question has been conclusively settled by the decisions of this court.

The Board of United States General Appraisers (now the United States Customs Court) in the case of *Karl Offer* v. *United States*, T. D. 40261, 45 Treas. Dec. 774, in ruling on the classification of parts of match boxes, definitely held that the fact that the parts were valued at less than 20 cents per dozen pieces did not take them out of paragraph 1428, Tariff Act of 1922, since the article when completed had a value above that amount, and cited as supporting authority the cases of *Mamluck & Co. et al.* v. *United States*, 6 Ct. Cust. Appls. 556, T. D. 36198, and *In re C. B. Richard & Co. et al.*, T. D. 35592, 29 Treas. Dec. 40.

In addition to the above authorities which support the conclusion that if the imported part is a part of an article provided for in paragraph 1527 (c) (2), the value of which is above 20 cents per dozen pieces, it is immaterial that the value of the part itself is less than 20 cents per dozen pieces, we think the case of *Wyman* v. *United States*, 13 Ct. Cust. Appls. 241, T. D. 41198, may be regarded as additional supporting authority. At least the implication of the decision is to that effect.

To conclude otherwise than that the goods at bar, being parts of articles valued above 20 cents per dozen pieces, should not take a different rate of duty than the articles themselves, would be anomalous. Having provided for the article and for parts thereof, it would seem obvious that the Congress intended that the parts, if imported separately, would take the same duty as the completed article, and we so hold.

The importer in its brief makes the additional contention that an examination of the sample itself discloses nothing that indicates that the cogs or wheels at bar could not be used in connection with articles other than cigar and cigarette lighters, and that under the well-settled principle that "An article not an actual constituent of a manufacture cannot be considered as part thereof unless it has been advanced to a point which definitely commits it to that specific class and kind of manufacture," the classification of the collector was erroneous,

citing *United States* v. *American Bead Co. et al.*, 9 Ct. Cust. Appls. 27, T. D. 37873.

The difficulty with this position, taken by appellee, is that there is no showing in this record that the imported merchandise is used or appropriate for use other than as parts of cigar or cigarette lighters. As before stated, counsel for importer at the trial admitted that the importation at bar was used as little wheels for cigar lighters, and he made no contention that merchandise such as is here under consideration was otherwise used. We think the last contention of the importer is without merit.

The judgment of the United States Customs Court is *reversed*.

LENROOT, Judge, concurs in the result.