(C. D. 86)

GREENBERG & JOSEFSBERG *v.* UNITED STATES

## United States Customs Court, First Division

(Decided January 30, 1939)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before McClelland, Sullivan, and Brown, Judges; Brown, J., dissenting

Sullivan, Judge: The applicable portion of this protest addressed to the collector of customs at the port of New York, is as follows:

Sir: Protest is hereby made against your decision assessing duty at 1¢ each and 50% under par. 1527, or other rate or rates, on Lighters, and sim. mdse. covered by entries named below. The reasons for objection, under the Tariff Act of 1930, are that said merchandise is properly dutiable at 60% under par. 1552.

\* \* \* \* \* \* \*

The entry number is B. 73016, date of entry "11/15/34," and date of liquidation "4/5/35."

The protest was subsequently amended to include the following claims:

Said merchandise is not subject to duty at any rate in excess of 110% ad valorem; that if said merchandise is dutiable under the provisions of paragraph 1527-c, it is dutiable at 110% ad valorem which is the mathematical calculation of the compound rate set forth therein. Your assessment of duty at 1¢ each and 50% ad valorem is higher than said mathematical formula and accordingly is not within the scope of said provisions.

It is alternatively claimed that said merchandise is properly dutiable at 80% ad valorem under the provisions of paragraph 1527-d.

It is further claimed that said merchandise is properly dutiable as a manufacture of metal at 45% under paragraph 397 of the Tariff Act of 1930 or according to the component material of chief value.

The merchandise in question is items 961 and 2127. Each item is described on the invoice as "Lighter." Written over these items in red ink, evidently by the examiner, is the following: "Parts of Lighters Cop. 1¢ ea. & 50% Par. 1527, R. A. Copper 3¢ 1 doz.=1½ oz."; also "T. D. 46848." The T. D. referred to is a ruling of the Treasury Department reported in 65 Treas. Dec. 97, to the effect that parts of cigar lighters and other articles are dutiable under paragraph 1527, Tariff Act of 1930, at the rate of 1 cent each and 50 per centum ad valorem if such parts are valued at less than 20 cents per dozen pieces.

Henry Waegelein, connected with the plaintiffs as import manager, testified on behalf of the plaintiffs that he saw this merchandise on importation, and is familiar therewith, and that the numbers appearing on the invoice always represent the same kind of merchandise.

Samples of the merchandise were received in evidence as Exhibits 1 and 2. These are small cylindrical cigar lighters with a tiny emery wheel at the top, on turning which sparks are emitted. Each article is about 1½ inches in length, by three-eighths of an inch in diameter.

The witness testified as follows:

Q. Do you know how these parts are used?—A. I have seen them used.

Q. Will you please state how they are used?—A. They have been in various items as "inlays" manufactured in the United States. In one particular instance it comes readily to mind that it has been used as a dice lighter. A hole has been bored in a celluloid dice of approximately two inches square, this inlay lighter inserted in there and made into a desk paper weight lighter, used on a desk in the home or anywhere.

    *        *        *        *        *        *        *

X Q. Will you tell us for what other purposes these articles are used, other than with the dice?—A. Various other types of lighters that have been made, or bakelite or anything else. Some of them have been table lighters and others I would say were small enough to be used in the pocket or on the table; but the general use of the lighter has been for things of larger size.

X Q. And generally the articles with which these imported articles are used are worth more than 20 cents per dozen, are they not?—A. *In a completed state generally I would say that they were worth more than that.* That doesn't mean to say that is true in all instances. There have been some instances where the cheapness of the celluloid or other material is less than 20 cents per dozen in its completed state.

    *        *        *        *        *        *        *

X Q. What is the ultimate use of these articles.

Judge SULLIVAN. As imported.—A. As a desk lighter. * * * To light a cigarette.

The witness further testified that "It is an article that is incapable of use in its present state"; that it could not be used without the stand, or "without some kind of holder for it"; *that he has also seen it used in connection with lighters that are carried on or about the person.*

Plaintiffs' counsel stated to the court that the imported article is worth 8 cents per dozen pieces.

The witness further testified that "all of these items are placed in things *that might be carried on or about the person*, or placed on a desk. They must be further manufactured to be of use" [italics ours]; that these articles as imported are sometimes used *as parts of pencils* by being inserted at one end of the pencil.

Plaintiffs' witness Berk testified he is familiar with Exhibits 1 and 2 and their use; that they are not ready for use in their condition as imported. He testified as to the use *he made* of these articles as follows:

*We* use them in connection with assembling for table lighters and desk lighters, ornaments for a living room, and they are inserted in this catalin material. [Italics ours.]

Two articles in the form of large dice with articles like Exhibits 1 and 2 inserted therein were received in evidence as Illustrative Exhibits A and B. The witness testified that the combination represented by Exhibits A and B "is used for a paper weight or a table ornament," and "ordered as table lighters."

The larger of these combinations is about two inches in all dimensions, or about 8 cubic inches. It is too bulky to be conveniently carried in the pocket or handbag. The smaller sample, Exhibit A, could be carried in the pocket or handbag, but it is of inconvenient shape for carriage on the person.

The witness testified that these articles are imported for use with desk lighters.

It was stipulated that Exhibits 1 and 2 are composed in chief value of metal, not plated with gold or silver, not composed in part of aluminum, and not painted with gold lacquer.

The provision under which they were classified, so far as applicable, is as follows:

PAR. 1527. * * *

(c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including * * * cigar lighters. * * * *and like articles;* all the foregoing and *parts* thereof, finished or unfinished:

\*     \*     \*     \*     \*     \*     \*

(2) composed wholly or in chief value of metal other than gold or platinum * * * *1 cent each and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.* [Italics ours.]

It will be observed that there is nothing in the foregoing provision to indicate that an arbitrary rate of 110 per centum ad valorem may be substituted for the rates of duty prescribed therein.

The collector's classification and the evidence indicate that Exhibits 1 and 2 are *parts* of articles *like* cigar lighters. It has been held that parts of the articles covered by the above provisions need not be worth "above 20 cents per dozen pieces" (*United States* v. *Kriss Kross*

*Corp.*, 24 C. C. P. A. 133, T. D. 48607). If these parts of lighters, therefore, are "*designed* to be worn on apparel or carried on or about or attached to the person" they would be classifiable under the foregoing provisions. The question is, are they so *designed?* What is there in the record to indicate that these parts of lighters are designed to be worn on apparel or carried on or about or attached to the person? (1) The presumption that they are, which arises from the action of the collector; (2) the testimony of one of plaintiffs' witnesses that he has seen these articles used in connection with lighters that are carried on or about the person; that they might be carried on or about the person; and that they are sometimes used as parts of pencils by being inserted at one end of the pencil. The fact that the particular lighters at bar were used to make desk lighters, instead of placed in pocket lighters, does not indicate that they were not *designed* to be carried on the person. If they may also be inserted into pocket pencils or other pocket articles after importation it would indicate that they were *designed* for that purpose. It may be that their use in desk lighters is an isolated use, and that their use in pencils and other pocket articles is their chief use. We are not enlightened on that point. It has not been shown they have not been *designed* to be worn on apparel or carried on or about or attached to the person. The presumption arising from the collector's action that they were so *designed* has not been overcome by plaintiffs, but rather supported by the evidence as to their being used in pencils and other pocket articles.

(See as to mechanical pencils with cigar lighters therein *Utica Knife & Razor Co.* v. *United States*, Abstract 14179, 58 Treas. Dec. 1174; also *L. Greenberg & Son* v. *United States*, Abstract 22788, 63 Treas. Dec. 1233, as to flints and wicks for lighters, and cases cited therein.)

The test of classification under paragraph 1527 (c) is not the *use* of the article, but the purpose for which it was *designed* (*Coty* v. *United States*, 18 C. C. P. A. 33, T. D. 44003).

The statute under consideration, paragraph 1527 (c), provides:

(c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, watch bracelets, and like articles; all the foregoing and parts thereof, finished or unfinished:

This provision is complete. In the first instance it provides that the articles shall be valued above 20 cents per dozen pieces; secondly, that they shall be "*designed* to be worn on apparel or carried on or about or attached to the person"; and, thirdly, that they shall be "such as and including" the articles named ("cigar lighters" being among those specified), or "like articles." This statute not only

includes the articles named and "like articles" thereto, but in addition *"parts thereof,"* and concludes by indicating that such articles and the parts thereof may be "finished or unfinished."

Then subsection (2) thereof provides the material of which such articles and parts must be composed by stating "composed wholly or in chief value of metal other than gold or platinum," and that the duty thereon shall be "1 cent each and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem."

We have not set out all of subsection (c), as it is unnecessary to do so.

To fall within the provisions of this statute, as we have set it out, the merchandise must be in the first instance "valued above 20 cents per dozen pieces," and, secondly, *"designed* to be worn on apparel or carried on or about or attached to the person."

The facts are not in serious dispute. The testimony of plaintiffs' witnesses has not been rebutted by the Government, nor seriously disturbed on cross-examination. The weight of the testimony as to use indicates that this merchandise is used as an inlay or insert in large dice, or articles of that character and design, such as Illustrative Exhibits A and B. There is also testimony (p. 10 record) that some of the merchandise at bar is inserted in lighters small enough to be used in the pocket; that the witness Waegelein has seen them used in connection with lighters that are carried on the person (p. 12 record); and that "it is necessary to insert them in some kind of article, *which might be carried on or about the person"* (p. 14 record); also in connection with a pencil (p. 15 record) as parts thereof (p. 16 record).

We have to take these articles in their imported condition. Admittedly, of themselves they are worth less than 20 cents per dozen pieces; but the presumption arising from the action of the collector is that the completed articles of which they are to form parts are worth more than 20 cents per dozen. This presumption has not been overcome by plaintiffs; on the contrary, the statement of the witness Waegelein at page 10 of the record "In a completed state generally I would say that they were worth more than that," tends to support it.

That these are like articles to the "cigar lighters" specified in the statute is established by the testimony at page 11 of the record that they are used "to light a cigarette," when combined with other parts. However, they are incapable of use in their present state (p. 12 record), and could not be used "without some kind of holder for it." The witness Berk, who manufactured these parts into complete lighters, by manufacturing them into the dice-like articles Illustrative Exhibits A and B, did not have knowledge of any other use than as table

lighters or desk lighters, and as ornaments for the living room (p. 16 record); and that "The only thing I have used them for is in making table lighters of ornaments of that type" (referring to the dice-like lighters Illustrative Exhibits A and B), and that he had not seen pencils with an insert such as the articles involved in this case (p. 20 record). The witness Berk's testimony related entirely to the use of these articles in Illustrative Exhibits A and B, being the completed articles as he manufactured them, and he had not seen other lighters manufactured therefrom.

The question at issue then in the first instance is whether or not this merchandise is "*designed* to be worn on apparel or carried on or about or attached to the person." That they are parts of like articles to cigar lighters is undisputed; that they may be attached to pencils and carried on or about the person is undisputed; that they have been seen used in connection with pencils and carried on or about the person is undisputed; and that the completed articles of which they are parts are worth more than 20 cents per dozen is undisputed. In addition, the uncontradicted presumption arising from the collector's action is that they are composed of metal other than gold or platinum. It is stipulated that the merchandise is metal. It is therefore our judgment that this merchandise falls within paragraph 1527 (c) (2).

The plaintiffs raised the further question that the duty is excessive as being beyond the reasonable meaning of the statute and that the statute has not been followed. They base that reasoning on the fact that the article as imported in its unfinished condition, or as a part, is worth less than 20 cents per dozen pieces, and therefore is not subject to the duty provided for in paragraph 1527 (c) (2). We find that it is part of an article, value above 20 cents per dozen pieces, *designed* to be worn on apparel or carried on or about or attached to the person, such as and like the cigar lighters *eo nomine* referred to in the paragraph, and by reason of the holding of our appellate court it is immaterial whether the parts are worth less than 20 cents per dozen. (*United States* v. *Kriss Kross Corp.*, *supra*, reversing our decision and judgment Abstract 32310, 68 Treas. Dec. 1083.)

In reversing our holding the appellate court said in the *Kriss Kross* case, *supra* (p. 135):

\* \* \* the fact that the parts were valued at less than 20 cents per dozen pieces did not take them out of paragraph 1428, Tariff Act of 1922, since the articles when completed had a value above that amount \* \* \*.

We have not any concrete fact that the merchandise at bar was ever attached to another part to form a complete article that could be carried on or about the person. Illustrative Exhibits A and B could not be conveniently carried on or about the person. This is evident from an inspection and examination of the articles themselves. However, there is evidence that these parts are in some cases combined

with other parts, such as pencils, to form a complete article suitable for carriage on the person, and the collector in classifying them must have had some knowledge of their use for such purpose and of the value of the completed lighter, on which to base his finding. His action is presumptively correct, and has not been overcome by testimony in this case, but rather strengthened by the testimony of plaintiffs' witness Waegelein at page 10 of the record that they have been used in pocket lighters, and "in a completed state generally I would say that they were worth more than that" (20 cents per dozen). Further, in the *Kriss Kross* case, *supra*, the appellate court said at page 135, following the statement heretofore quoted:

> In addition to the above authorities which support the conclusion that if the imported part is a part of an article provided for in paragraph 1527 (c) (2), the value of which is above 20 cents per dozen pieces, it is immaterial that the value of the part itself is less than 20 cents per dozen pieces, we think the case of *Wyman v. United States*, 13 Ct. Cust. Appls. 241, T. D. 41198, may be regarded as additional supporting authority. * * *
>
> * * * Having provided for the article and for parts thereof, it would seem obvious that the Congress intended that the parts, if imported separately, would take the same duty as the completed article, and we so hold.

Therefore, it being evident that these are parts of cigar lighters falling within paragraph 1527 (c) (2), the question then arises what should be the rate of duty, by reason of the fact that they are worth less than 20 cents per dozen pieces. It is contended by counsel for the plaintiffs that the rate found by the collector is contrary to this statute and wrong. We find in the brief of the Government this statement in reference thereto:

> The only duty that could be assessed upon the involved articles is that of 1 cent each and 50 per centum ad valorem. There is no way of calculating or applying to the involved articles the assessment of "three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen."

It seems to us that this contention is sound. That rate was approved in the *Kriss Kross* case, *supra*. Being parts of articles designed to be worn on apparel or carried on or about or attached to the person and within the provisions of paragraph 1527 (c) (2), and not being parts of any article imported with them, being combined with other parts manufactured in the United States, it seems to us that the tax should be based, as stated by counsel for the Government, at 1 cent each and 50 per centum ad valorem. We find from the invoice that such was the assessment made by the collector, and such assessment being presumptively correct is approved. As to whether it is equal to or more than 110 per centum ad valorem it is not necessary for us to calculate.

The record does not disclose that the collector included in his assessment "in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen." If the collector

had been able to do so, despite the fact that these parts are worth less than 20 cents per dozen, his action would have been erroneous. We cannot conclude that he did so. We therefore affirm his assessment at 1 cent each and 50 per centum ad valorem as the maximum duty on this merchandise, and such is the judgment of the court.

### DISSENTING OPINION

BROWN, Judge: For parts to come within paragraph 1527 (c) the completed articles of which they are a part must clearly be designed to be worn on apparel or carried on or about the person. The weight of the evidence in the record before us is that they are not so designed but, on the contrary, are chiefly used to make up table lighters. We should so find as a fact.

The presumption from official action cannot be used against the weight of the evidence in the record. Such presumptions only prevail in the absence of evidence.

In *New York Life Insurance Co.* v. *Gamer*, 303 U. S. 161, Mr. Justice Butler, in speaking of the opinion below, says (p. 170):

* * * It is consistent with, * * * the rule that the presumption is not evidence and ceases upon the introduction of substantial proof to the contrary. Thayer, Preliminary Treatise on Evidence, p. 346, etc. [citing cases].

And on the next page—

* * * The presumption is not evidence and may not be given weight as evidence. [Citing many authorities.]

This imperfectly formed article in the shape as imported could not possibly be used on the person. Had it been imported complete the collector's classification, *in the absence of evidence to the contrary*, might import a presumption that it was designed to be so used. But it will not do to pile presumption on presumption and presume when it comes in incomplete, as here, that it will be so completed as to be used on or about the person. All the evidence in the record before us, and it is substantial, points the other way.