UNITED STATES v. LYON & HEALY (No. 1091).[1]

DRUMHEADS PARTS OF MUSICAL INSTRUMENTS.
    The articles are called drumheads by the importers and the appraiser alike. They appear to be completely prepared and adapted for use as drumheads, and by their size and shape they would seem to have been finally appropriated to that use, and that use alone. They were properly dutiable as parts of musical instruments under paragraph 467, tariff act of 1909.—Wyman case (T. D. 28924) distinguished.

United States Court of Customs Appeals, April 18, 1913.

APPEAL from Board of United States General Appraisers, Abstract 30933 (T. D. 33055).
    [Reversed.]

*William L. Wemple*, Assistant Attorney General (*William A. Robertson*, special attorney, of counsel; *Leland N. Wood*, assistant attorney, on the brief), for the United States.

Submitted on record by appellee.

    Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case was imported under the tariff act of 1909. The articles were described by the appraiser as

---

[1] Reported in T. D. 33366 (24 Treas. Dec., 583).

drumheads and were returned for duty as parts of musical instruments under paragraph 467 of the act. They were accordingly assessed with duty at the rate of 45 per cent ad valorem as parts of musical instruments within the provisions of that paragraph.

The importers protested against the assessment, claiming the articles to be dressed skins not specially provided for and dutiable as such at the rate of 15 per cent ad valorem under the provisions of paragraph 451.

The protest was submitted to the Board of General Appraisers and was sustained, from which decision the Government now appeals.

The following is a copy of the applicable parts of the paragraphs thus called into question:

451. \* \* \* Calfskins tanned or tanned and dressed, kangaroo, sheep and goat skins (including lamb and kid skins) dressed and finished, other skins and bookbinders' calfskins, all the foregoing not specially provided for in this section, fifteen per centum ad valorem; \* \* \*.

467. Musical instruments or parts thereof, \* \* \* forty-five per centum ad valorem.

The question thus presented by the record is whether the merchandise is dressed skins within paragraph 451, or parts of musical instruments within paragraph 467.

A sample of the merchandise was before the board, and the same has been duly forwarded to this court. No other evidence concerning the character of the article appears in the record. As has been stated, however, the appraiser reported the articles to be drumheads; and the importers in their protest named the importation as "certain 280 drumheads."

The official sample shows the articles to be round pieces of parchmentlike skin, which seem to be suitable in their present shape and condition to be fastened upon drums for service as drumheads. The several pieces are from 18 to 36 inches in diameter. The edges of the articles are clean and give no indication of the outside size of the skins from which they were cut.

In the case of Charles H. Wyman & Co. (T. D. 16988), arising under the tariff act of 1894, the following decision was entered by the board:

A representative sample of the merchandise is a thin, trasnparent, circular sheet of leather or parchment, about 18 inches in diameter. The goods were invoiced as calfskins, and are claimed to be dutiable at 20 per cent as dressed sheepskins under paragraph 341, N. T. . They were assessed for duty under paragraph 326½ at 25 per cent as parts of musical instruments.

We find that the merchandise consists of drumheads, and that they are parts of musical instruments.

In the case of Lyon & Healy (T. D. 24808), which arose under the tariff act of 1897, the merchandise was described as "circular sheets of parchment varying in size from 12 to 44 inches in diameter, used for drumheads." Duty was assessed thereon under the provision for

parts of musical instruments, and the importers claimed free entry for the importation as parchment or vellum, or alternatively that the merchandise was dutiable as skins, dressed, not specially provided for. The board held that the importation was parts of musical instruments known and sold as drumheads, and sustained the assessment under that classification.

This decision was affirmed, upon appeal, by the United States Circuit Court, Northern District of Illinois (T. D. 25832). In its decision the court noted that the articles had been found by the board to be commercially known as drumheads.

Afterwards in another case of Charles H. Wyman & Co., Abstract 13975 (T. D. 27801), the board overruled the protest of the importers upon the authority of the decision last above cited.

This second Wyman case, just above cited, was appealed to the United States Circuit Court, Eastern District of Missouri (T. D. 28924), and additional testimony was there taken in the case. That testimony established the fact that the importations in question differed materially from those involved in the earlier cases above cited. It appeared that the skins therein involved "had been stretched and dried by being tacked on boards; that the tack holes were still in them; that while approximately round, they had not been cut accurately into circles; that while chiefly used as drumheads, some of them were imperfect and incapable of such use and some were intended for other purposes, such as the manufacture of ping-pong rackets, and that as imported they were not in condition to be used as drumheads, but needed to have the jagged edges trimmed off." Upon this showing the court held the merchandise to be dressed skins and not parts of musical instruments, and the decision of the board was accordingly reversed.

It will be noted that the decision just cited was founded upon the testimony submitted in the given case, and that the testimony thus submitted showed a different state of facts from that which existed in the Lyon & Healy case first above cited; nevertheless the board has since regarded the later case as overruling the earlier one. (See T. D. 29264.) And in the present case the board's decision is founded upon that interpretation.

However, this court does not regard the later Wyman decision as inconsistent with the Lyon & Healy decision, but rather considers it as presenting a different state of facts from that case. And in the case at bar no such facts appear as those existing in the Wyman case. In the present case the merchandise is called drumheads by both the importers and the appraiser alike. The articles, as shown by the official sample, seem to be completely prepared and adapted for use as drumheads, and by their size and shape they also seem to be finally appropriated to that use, and to that use alone. It is true

that the articles have been cut from dressed skins; but they bear no resemblance in form to entire skins, and it is not at all improbable in the case of the smaller articles that a substantial part of the skins from which they were cut may have remained for other uses.

Upon this state of the record the court is of the opinion that the board erred in overruling the assessment of the collector, and the decision of the board to that effect is therefore *reversed.*