UNITED STATES *v.* AMERICAN BEAD CO. ET AL. (No. 1927).[1]

1. CONSTRUCTION, PARAGRAPH 356, TARIFF ACT OF 1913—"PARTS OF."

An article not an actual constituent of a manufacture can not be considered as a part thereof unless it has been advanced to a point which definitely commits it to that specific class and kind of manufacture. An article commercially suitable and commercially used for the making of different things is a material which is just as much adapted to the production of any of them as to any other of them, and until it has been finally appropriated to some definite manufacturing use and has been given the distinguishing characteristics which clearly identify it as one of the components ultimately to be assembled into a completed whole, it can not be regarded as a part of any specified manufacture.

2. SNAPS—CLASPS—SWIVELS.

Base metal snaps, clasps, and swivels which have been dipped in acid and lacquered, employed in the manufacture of bead necklaces and neck, fan, vest, and eyeglass chains, are not classifiable under paragraph 356, tariff act of 1913, as parts of chains, or under paragraph 167 as miscellaneous metal articles, but under paragraph 356 as metal materials suitable for use in the manufacture of the articles named in the paragraph.

United States Court of Customs Appeals, December 30, 1918.

APPEAL from Board of United States General Appraisers, Abstract 42259.

[Affirmed].

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

*Allan R. Brown* for appellees.

[Oral argument Oct. 31, 1918, by Mr. Hanson and Mr. Brown.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The collector of customs at the port of New York classified certain imported unplated base metal snaps, clasps, and swivels as parts of jewelry, and assessed duty thereon at 60 per cent ad valorem under the provisions of paragraph 356 of the tariff act of 1913, which read as follows:

356. Jewelry, commonly or commercially so known, valued above 20 cents per dozen pieces, 60 per centum ad valorem; * * * and articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases * * * and like articles; all the foregoing *and parts thereof,* finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated * * * 60 per centum ad valorem. (Italics ours.)

The importers protested that the goods imported were neither the articles nor parts of articles specifically provided for in paragraph 356, and that the importation should have been classified either as materials of metal suitable for the manufacture of such articles or as articles of metal. It was, therefore, claimed in the protest that the merchandise was dutiable either at 50 per cent ad

valorem under the last part of paragraph 356 or at 20 per .cent ad valorem under the final clause to paragraph 167. Paragraphs 167 and 356 in so far as pertinent to the protest are as follows:

167. Articles or wares not specially provided for in this section; * * * *if composed wholly or in chief value* of iron, steel, lead, copper, *brass*, nickel, pewter, zinc, aluminum, *or other metal, but not plated with gold or silver, and whether partly or wholly manufactured, 20 per centum ad valorem.* (Italics ours.)

356. Jewelry, commonly or commercially so known, valued above 20 cents per dozen pieces, 60 per centum ad valorem; * * * articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases * * * and like articles. * * * Stampings, galleries, mesh *and other materials of metal* * * * *finished or partly finished, separate or in strips or sheets suitable for use in the manufacture of any of the foregoing articles in this paragraph, 50 per centum ad valorem.* (Italics ours.)

It appears from the testimony in the case and the samples in evidence that the merchandise in issue is made of base metal. Some of the wares are coated with black japan and are used in the making of such black goods as neck ribbons and chains and necklaces of jet or imitation jet. The snaps, clasps, and swivels not japanned have received an acid dip "to brighten them up," and to prevent the tarnishing of the metallic color effect thus produced they have been lacquered. The dipped and lacquered snaps, clasps, and swivels are employed in the manufacture of metal neck chains, fan chains, vest chains, and eyeglass chains. They are also used in the making of necklaces of beads composed of real and imitation pearls, amethyst, topaz, and crystal.

On this evidence the board held, first, that the black snaps, clasps, and swivels were unplated articles of base metal, that they were not materials used in the manufacture of jewelry or any of the articles enumerated in paragraph 356, and that they were imported wares of base metal subject to the duty of 20 per cent ad valorem imposed by the provision which concludes paragraph 167; second, that the dipped and lacquered articles were materials of metal suitable for use in the manufacture of chains and jewelry, and that as such they were dutiable at 50 per cent ad valorem as provided by the last clause of paragraph 356. The protestants' claim that the japanned snaps, clasps, and swivels were dutiable at 20 per cent ad valorem under paragraph 167 and that the dipped and lacquered articles were dutiable at 50 per cent ad valorem under paragraph 356 was therefore sustained.

From the decision of the board in protests 796358 and 796543 the Government appealed. Importers' counsel claims in his brief and claimed on oral argument that by the appeal so taken the Government was not attempting to disturb the board's classification of the

imitation jet clasps and catches.    As that claim is not disputed and appears to be supported by the assignment of errors as well as by appellant's brief, we feel warranted in concluding that the Government does not question the board's ruling as to the black japanned articles and that such goods are not covered by the appeal.

The appellant admits that under the ruling made in Mamluck *v.* United States (6 Ct. Cust. Appls., 556; T. D. 36198) the merchandise in issue is not dutiable as "parts of jewelry."    It is contended, however, that the goods are parts of chains, which classification it is argued excludes them from the reasoning of the Mamluck case and subjects them to the 60 per cent rate assessed by the collector.    That contention requires us to decide whether under the evidence the snaps, clasps, and swivels in issue are in fact parts of chains.

An article not an actual constituent of a manufacture can not be considered as part thereof unless it has been advanced to a point which definitely commits it to that specific class and kind of manufacture.    An article commercially suitable and commercially used for the making of different things is a material which is just as much adapted to the production of all of them as it is to the production of any one of them, and until it has been finally appropriated to some definite manufacturing use and has been given the distinguishing characteristics which clearly identify it as one of the components ultimately to be assembled into a particular completed whole, it can not be regarded as a part of any specified manufacture.

Inasmuch as the snaps, clasps, and swivels under discussion are just as applicable to the manufacture of bead necklaces as they are to the making of chains, it is evident that they are not finally committed to the manufacture of chains, and consequently it can not be said that they are "parts of chains."    United States *v.* Lyon & Healy (4 Ct. Cust. Appls., 84; T. D. 33366); Magone *v.* Wiederer (159 U. S., 555).    The evidence establishes that the wares are materials of metal and that as imported they are largely used and commercially suitable for the manufacture of chains designed to be worn on or about or attached to the person.    As chains of that kind are specifically enumerated in paragraph 356, and as the materials suitable for making them are by that paragraph subjected to a duty of 50 per cent ad valorem, the merchandise involved in the appeal must be held to be dutiable at that rate.    United States *v.* Lorsch & Co. (8 Ct. Cust. Appls., 109; T. D. 37222).

The decision of the board is therefore *affirmed.*