**No. 39380.**—Protest 771184–G, etc., of F. M. Jabara & Bros. (New York).

Opinion by TILSON, J. On the record presented the protests were sustained.

**No. 39381.**—Protests 943950–G, etc., of Mitsubishi Shoji Kaisha, Ltd. (San Francisco).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of Abstract 36228 the chains in question were held dutiable as parts of bicycles at 30 percent under paragraph 371 as claimed.

**No. 39382.**—Protest 336172–G of Louis Wolf & Co. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise in question consists of atomizers the same as those passed upon in *Rice* v. *United States* (T. D. 49373). The claim at 40 percent under paragraph 339 was therefore sustained.

**No. 39383.**—Protests 285522–G, etc., of Gimbel Bros., Inc., et al. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel salts, salt and peppers, jars, cups, lamps, shoe horns, atomizers, boxes, flacons, bottles, vases, candlesticks, tea sets, crumb trays and scoops, button hooks, and photo frames chiefly used on the table, in the kitchen, or in the household for utilitarian purposes or hollow ware were held dutiable at 40 percent under paragraph 339 as claimed. *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445), *Dow* v. *United States* (id. 282, T. D. 46816), *Woolworth* v. *United States* (T. D. 47857), and *Rice* v. *United States* (T. D. 49373) cited. Toilet sets classified as entireties under paragraph 399 were held dutiable separately, the brushes at 45 percent under paragraph 1407 and the mirrors at 50 percent under paragraph 230. Abstract 8950 followed.

**No. 39384.**—Protests 609365–G, etc., of Elizabeth Arden, Inc., et al. (New York).

Opinion by DALLINGER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.