(C. D. 1189)

CORO, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 1, 1949)

*John D. Rode* for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

OLIVER, Chief Judge: The merchandise in the case at bar consists of small silver connectors (plaintiff's illustrative exhibit A), imported with certain links and clasps, which when attached together make up a necklace or a bracelet. The links and clasps were assessed with duty at a rate equivalent to 55 per centum ad valorem under paragraph 1527 (a) (2) of the Tariff Act of 1930 as "parts" of jewelry. The connectors, however, which are the subject of these protests, were assessed at the rate of 80 per centum ad valorem under paragraph 1527 (d) of

the same act as materials of metal suitable for use in the manufacture of jewelry. The plaintiff claims that these connectors are properly dutiable at only 32½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as amended by the trade agreement with Mexico, T. D. 50797, as "Articles or wares not specially provided for, if composed wholly or in chief value of silver." Counsel for the plaintiff, while contending that the articles here are parts of jewelry, concedes in his brief that since the items in question are valued at less than 20 cents per dozen pieces, they are expressly excluded from the provisions of paragraph 1527 (a) (2), which provides for parts of jewelry valued at more than 20 cents per dozen pieces. There is no specific provision for parts of jewelry valued at less than 20 cents per dozen pieces. Therefore, plaintiff's protest herein is limited to a claim that the involved connectors are articles or wares in chief value of silver.

Plaintiff's witness, employed by the importer as buyer and salesman for 19 years, stated that these connectors (collective exhibit 1) are silver and are used with certain individual "friendship links" and "clasps" to form a complete bracelet (R. 4). A sample of such a complete bracelet is before us (plaintiff's illustrative exhibit A). He added that these connectors are used exclusively for the purpose of connecting the friendship links with the clasps to form a bracelet and that he had never seen them used in any other fashion. He did not consider the articles before us to be "findings and stampings."

On cross-examination he testified that the complete bracelet is known as a friendship link bracelet and that it contains eight friendship links, which is the normal size of this bracelet, and that while there are eight links there are only seven connectors. He added that the bracelets are not necessarily of the same length because a person might have a slimmer or stouter wrist and, therefore, more friendship links would be required in a larger than a smaller bracelet. The witness then stated that the completed article was also sold as a necklace but that, regardless of the length of the bracelet or the length of the necklace, the use of the connectors was solely as a part of the entire article (R. 9).

Originally, the plaintiff had claimed alternatively that these connectors were dutiable at a rate equivalent to 55 per centum ad valorem under paragraph 1527 (a) (2), as amended, as "entireties" with the friendship links and clasps imported on the same invoices. This claim, however, was not pressed by the plaintiff in view of the fact that the number of connectors imported is not in the same ratio as the number of friendship links and clasps covered by the same invoices.

Counsel for the plaintiff in his brief further contends that the connectors at bar are not "materials" of metal suitable for use in

the manufacture of jewelry (paragraph 1527 (d)), as assessed, because they are complete parts dedicated to a specific use and are no longer materials.

The Government in support of the collector's classification directs our attention to this court's decision in *Borrelli & Vitelli* v. *United States*, 46 Treas. Dec. 341, T. D. 40463. The merchandise there consisted of silver filigree earring drops imported in a finished condition to be combined with earrings or earscrews in this country. It was classified as jewelry under paragraph 1428 of the Tariff Act of 1922 and claimed properly dutiable under paragraph 399 of the same act as "Articles or wares not specially provided for, if composed wholly or in chief value of * * * silver;" or under paragraph 1428 as "materials of metals, * * * finished or partly finished, * * * suitable for use in the manufacture of jewelry." The record in that case disclosed that the earring drops in the condition in which imported were not finished earrings. After importation they were attached to so-called earring tops bought in this country. The importer's witness testified that the imported drop would not be considered by the trade as *jewelry* until it was finished by being attached to the other part of the earring and that in its imported condition it was merely *part* of an earring, a "drop for an earring." There was no provision in the 1922 act for parts of jewelry. The court held the involved articles dutiable as materials of metal suitable for use in the manufacture of jewelry.

In the COMMITTEE PRINT, MEMORANDUM OF COURT DECISIONS AFFECTING TARIFF ACT OF 1922, prepared for the use of the Committee on Ways and Means, House of Representatives, 71st Congress, dealing with the interpretations by the courts of various provisions of the Tariff Act of 1922 which had been construed adversely to the Government, there appears at page 52 the following:

> In *Borrelli & Vitelli* v. *United States*, T. D. 40463, G. A. 8886, 46 Treas. Dec. 341, the court held silver filigree earring drops not dutiable as jewelry under paragraph 1428, as classified by the collector, because they were only *parts* of jewelry, but were dutiable as materials of metal suitable for use in the manufacture of jewelry at 75 percent ad valorem under the same paragraph. [Italics ours.]

> If the above decisions are not in accord with the Congressional intent, it is believed that they may be met by adopting the following provision:

> PAR. 1428. Jewelry, *and parts thereof* * * *.

In accordance with the above suggestion, paragraph 1527 of the Tariff Act of 1930, as enacted, contained a provision for "parts" of jewelry.

The *Borrelli* case, *supra*, is distinguishable from the case at bar in that the drops there involved could not have been classified as

"parts" of jewelry, for which there was no provision in the Tariff Act of 1922. The drops were not articles of jewelry and as they were used in the manufacture of jewelry they were properly held dutiable as materials of metal suitable for use in the manufacture of jewelry. In the case now before us the connectors as imported are so completely finished and shaped as to dedicate them to one specific use. By reason of their shape and condition, they are unfit for any other use. *United States* v. *Schenkers, Inc.*, 17 C. C. P. A. 231, T. D. 43669. This record establishes that they are used for no other purpose than in making up a flexible bracelet or necklace. Neither the friendship links, nor the clasps, nor the connectors could be used by themselves as articles of jewelry. They are so essential to each other and so far advanced in condition that they are "parts" of the completed article.

The Government contends that the chief use of the connectors before us is in the manufacture of jewelry and, therefore, they are materials of metal suitable for use in the manufacture of jewelry. In support thereof it cites *Durbrow & Hearne* v. *United States*, 12 Ct. Cust. Appls. 225, T. D. 40230. The merchandise there consisted of shot or ball chain imported in long lengths. It was classified under paragraph 356 of the Tariff Act of 1913 as "materials of metal * * * suitable for use in the manufacture of jewelry," and claimed properly dutiable under paragraph 167 of the same act as "Articles or wares not specially provided for," in chief value of metal. Plaintiff contended that the chain in its imported condition was not suitable for use in the manufacture of jewelry. The court found that the chain, although it had to be cut into desired lengths, was chiefly used in the manufacture of jewelry and held it to be dutiable as material suitable for that use. The cited case, however, is distinguishable from the case at bar. There, the decision of the court was predicated mainly upon the determination of the question of chief use of the articles. It was not claimed in the *Durbrow* case, *supra*, that the shot or ball chain was dutiable as "parts" of jewelry, and the paragraph of the tariff act under which the involved merchandise therein was classified contained no such provision. In the present case the connectors are something more than mere materials of metal suitable for use in the manufacture of jewelry. They are necessary to the completion of the article and are integral, constituent, or component parts, without which the article to which they are joined could not function as such article. *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. 322, T. D. 46851.

The Government in its brief also cites *United States* v. *American Bead Co. et al.*, 9 Ct. Cust. Appls. 27, T. D. 37873. The merchandise there consisted of certain base metal snaps, clasps, and swivels. They

were classified under paragraph 356 of the Tariff Act of 1913 as parts of jewelry. The importers contended that the involved items were neither the articles nor parts of articles specifically provided for in paragraph 356, and that the importation should have been classified either as materials of metal suitable for the manufacture of such articles under the last part of the same paragraph or as articles of metal under paragraph 167 of the act. In view of the fact that our appellate court had previously held that paragraph 356, Tariff Act of 1913, did not provide for "parts" of jewelry, the appellant admitted that the merchandise was not dutiable as such but contended that the goods were parts of chains and properly dutiable as such under the *eo nomine* provisions of the paragraph under which assessed. The testimony therein indicated that these articles were used in the manufacture of metal neck chains, fan chains, vest chains, and eyeglass chains. They were also used in the making of necklaces of beads. The court found that as these articles were just as applicable to the manufacture of bead necklaces as they were to the making of chains, they were not finally committed to the manufacture of chains. They were accordingly held not dutiable as parts of chains but as materials of metal suitable for use in the making of chains and dutiable as claimed. In so holding, the court stated, page 29:

An article not an actual constituent of a manufacture can not be considered as part thereof unless it has been advanced to a point which definitely commits it to that specific class and kind of manufacture.

The connectors here are used in the making of either a necklace or a bracelet, and the record indicates there is no difference between the two articles except in length. We are of opinion that the principle enunciated in the *American Bead Co.* case, *supra*, is applicable here. These connectors have been advanced to a point which definitely commits them to a specific use, the making of a necklace or bracelet, and they have been appropriated to that specific class and kind of manufacture. They have been so shaped and constructed as to be parts of the particular kind of article manufactured. The very nature of the completed article shows these connectors to be parts of the same.

On the record before us and the cited authorities we hold the connectors herein to be properly dutiable at 32½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as amended by the trade agreement with Mexico, T. D. 50797, as articles or wares in chief value of silver. The protests are sustained and judgment will issue accordingly.