## UNITED STATES *v.* CORO, INC. (No. 4634)[1]

United States Court of Customs and Patent Appeals, February 6, 1951

*David N. Edelstein*, Assistant Attorney General (*Richard F. Weeks*, special attorney, of counsel), for the United States.

*John D. Rode* for appellee.

[Oral argument December 7, 1950, by Mr. Weeks and Mr. Rode]

---

[1] C. A. D. 444.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, pursuant to its decision, C. D. 1189, sustaining six protests of appellee directed against the classification and assessment for duty of certain silver merchandise in accordance with paragraph 1527 (d) of the Tariff Act of 1930, as materials of metal suitable for use in the manufacture of jewelry. It was claimed in the protests that the merchandise was properly dutiable at the rate of 32½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as amended by the Trade Agreement with Mexico, T. D. 50797.

Paragraph 397, as amended, reads as follows:

"Par. 397. Articles or wares not specially provided for, if composed wholly or in chief value of silver. 32½% ad val."

"Par. 1527. (a) Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof):

(1) Composed wholly or in chief value of gold or platinum, or of which the metal part is wholly or in chief value of gold or platinum, 80 per centum ad valorem;

(2) All other, of whatever material composed, valued above 20 cents per dozen pieces, 1 cent each, and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem; *Provided*, That none of the foregoing shall be subject to a less amount of duty than would be payable if the article were not dutiable under this paragraph.

(b) Rope, curb, cable, and fancy patterns of chain not exceeding one-half inch in diameter, width, or thickness, valued above 30 cents per yard, of gold or platinum, 80 per centum ad valorem; of any other metal, whether or not plated with gold or platinum, 6 cents per foot, and in addition thereto three-fifths of 1 cent per yard for each 1 cent the value exceeds 30 cents per yard, and 50 per centum ad valorem.

(c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, watch bracelets, and like articles; all the foregoing and parts thereof, finished or unfinished:

(1) Composed wholly or in chief value of gold or platinum, or of which the metal part is wholly or in chief value of gold or platinum, 80 per centum ad valorem;

(2) Composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled gold plate), or (if not composed in chief value of metal and if not dutiable under clause (1) of this subparagraph) set with and in chief value of precious or semiprecious stones, pearls, cameos, coral, amber, imitation precious or semiprecious stones, or imitation pearls, 1 cent each and in addition thereto three-fifths of 1 per cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

(d) Stampings, galleries, mesh, and other materials of metal, whether or not set with glass or paste, finished or partly finished, separate or in strips or sheets, suitable for use in the manufacture of any of the foregoing articles in this paragraph, if of gold or platinum, 75 per centum ad valorem; if of other metal or metals, plated or unplated, 80 per centum ad valorem.

The involved merchandise consists of small split cylindrical silver connectors approximately ⅜₆ of an inch long and about ⅛₆ of an inch in width. They were imported together with a quantity of flat, silver, so-called "friendship" links, about ¾ of an inch long and ½ an inch in width. At either end of the link is an aperture into which the connectors are fitted so as to form a junction with the next link. On the face of each of the links is a flat space upon which may be engraved the name of a donor or one whose name is sought to be remembered. Over and under the flat space are representations of flowers, apparently forget-me-nots. The links and connectors, together with clasps which were also imported with the merchandise, are used in making up necklaces or bracelets.

While it was contended at the trial by counsel for appellee that the connectors are parts of jewelry, he conceded in his brief that because the goods are valued at less than 20 cents per dozen pieces, they are expressly excluded as parts from the provisions of paragraph 1527 (a) (2). The protests therefore are limited to the claim that the imported merchandise is properly dutiable under paragraph 397.

One witness testified on behalf of appellee. The government presented no testimony. It appears from the testimony of the witness that the connectors are made and used exclusively for the purpose of joining the friendship links one to another and when a desired number of links have been so joined the clasps are affixed so that either a bracelet or a necklace is completed.

The trial court in its decision held that the connectors are used for the sole purpose of making up the flexible bracelets or necklaces. It was noted in the decision that the links, clasps, and connectors could not be used separately as articles of jewelry, are so essential to each other as to be useless by themselves and so far advanced in condition as to constitute parts of the completed article. It is stated in the decision that the shape and construction of the connectors are such that they are parts of the particular article formed and are advanced to a point which definitely commits them to their specific use. The court also held that the very nature of the bracelet or necklace demonstrates that the connectors are parts thereof.

The court in its decision succinctly discussed the cases of *United States* v. *American Bead Co. et al.*, 9 Ct. Cust. Appls. 27, T. D. 37873; *Durbrow & Hearne* v. *United States*, 12 Ct. Cust. Appls. 225, T. D. 40230; and *Borrelli & Vitelli* v. *United States*, 46 Treas. Dec. 341, T. D. 40463.

It properly distinguished the *Borrelli & Vitelli* case, *supra*, and the

*Durbrow & Hearne* case, *supra*, from the present case and was of the opinion that the principle enunciated in the *American Bead Co.* case, *supra*, is applicable to the present case. The court also cited in support of its conclusion the case of *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851.

Counsel for appellant concede in their brief before us that the involved merchandise is used exclusively for the purpose of combining the links to form a bracelet. They contend, however, that even though the connector may be considered to be a part of the bracelet or necklace, nevertheless, it is dutiable as a material suitable for use in the manufacture of jewelry. Government counsel allege error in the analysis made of the evidence by the trial court, asserting that an unwarranted inference was drawn from the evidence and that the rule of law applied did not fit the facts of record.

It is conceded that the connectors were so advanced that they were only suitable for use in the manufacture of jewelry, but it is contended that they are not limited to any single article in that they are suitable for use in manufacturing different kinds of pieces of jewelry.

On the record before us we cannot agree that the trial court erred in its analysis of the evidence or that an unwarranted inference was drawn therefrom. It has been clearly established that the involved merchandise is manufactured for and used only in the production of necklaces and bracelets of which they are parts and that the only difference between those two articles is in the length thereof. We have no doubt that the connectors are committed to the specific use shown in the testimony and that they have been appropriated to that use and no other. The slots in the links and the width of the connectors are of such a size that the connectors, without a change in size, could not be used in smaller slots. Of course, it is conceivable that it might be possible to use the connectors in some other kind of jewelry wherein the slot would be of the same size as would accommodate the connector. However, such a possibility cannot sustain the contention of counsel for the government.

The involved goods are not "materials" in a tariff sense for the reason that as imported they are completed, entire, necessary, and integral parts of the jewelry with which they are used. Because they are excluded as such parts by reason of their value, they undoubtedly fall within the provision of paragraph 397, as claimed by counsel for appellee.

We are of opinion that the case of *United States* v. *John Wanamaker (Phila.)*, 21 C. C. P. A. (Customs) 251, T. D. 46779, is apposite to the issue before us. In that case six silver bag frames were imported for use in the manufacture of ladies' handbags. The frames were set with "real stones." They were classified by the collector as jewelry under paragraph 1527, subsection (a) (2) of the present tariff act. Several

claims were made protesting against such classification, one of which was that the frames should have been classified under paragraph 1527 subsection (c) (2). The issue in that case was whether or not the imported goods, in a tariff sense, were parts of ladies' handbags or materials suitable for use in the manufacture of such articles. The frames were used solely in the making of ladies' handbags by having them attached to the velvet or brocade bag portions. They were dedicated solely to such purpose and not suitable for any other purpose. In order to complete the bag it was only necessary to add the material composing the box of the bag to the frames. It was held that the imported articles were not materials of metal suitable for use, as the record showed they were used, but were parts of the articles made. It appears in the decision of the *Wanamaker* case, *supra*, that the court found nothing in the cases of *Borrelli & Vitelli*, 19 C. C. P. A. (Customs) 291, T. D. 45467, and *United States* v. *Cartier*, 20 C. C. P. A. (Customs) 215, T. D. 45994, that would support a conclusion contrary to that which was reached by the court.

In the *Wanamaker* case, *supra*, the imported articles were finished items. In the present case, the record establishes without contradiction that the silver connectors are finished items. We think that the connections here, as in the *Wanamaker* case, *supra*, are parts of articles and that the use of the imported merchandise here is for one established purpose and not suitable for other purposes.

We do not deem it necessary to discuss the many cases cited in the brief of counsel for appellant for the reason that we find none of them, in view of the record here, are in point.

For the reasons herein set out the judgment of the United States Customs Court is *affirmed.*