BEFORE THE SECOND DIVISION, JUNE 25, 1951

**No. 55708.**—Davies Turner & Co. *v.* United States, protest 134164–K/1352 (Chicago).

LAWRENCE, Judge: Plaintiff challenges the decision of the collector of customs in classifying "10000 bicycle chains of iron, size ½ x ⅛'', 53'' long * * * " as parts of bicycles within the purview of paragraph 371 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 371), upon which duty was assessed at the rate of 30 per centum ad valorem. It is claimed by plaintiff that the chains should be classified in paragraph 329 of said act, as modified by the trade agreement between the United States and the United Kingdom, 74 Treas. Dec. 253, T. D. 49753, effective January 1, 1939.

As modified, said paragraph 329 reads:

Chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished, all the foregoing if valued at not less than 40 cents per pound, 25% ad val.

The only witness in the case, William Jerome Fritz, testified that he was the comptroller and secretary of Arnold Schwinn & Co., the real importer herein; that it is a manufacturer of bicycles; and that he was familiar with the present

importation. A sample chain 53 inches long, which represents the importation, was received in evidence as exhibit 1. The record discloses that although the chains in this importation were actually used in the assembly of bicycles, an effort was made to show that they could be used in power lawn mowers, juke boxes, vending machines, and English-type velocipedes. The testimony fails to sustain the claimed use of the chains for purposes other than on bicycles.

It is clear from the record that the chains are composed of steel and otherwise respond to the terms of paragraph 329, *supra*, as modified, in that they are used for the transmission of power, of not more than 2-inch pitch and containing more than three parts per pitch, and valued at not less than 40 cents per pound. Moreover, since the chains were ordered according to specifications for use on bicycles; were exclusively used in the assembly or manufacture of bicycles; and, inasmuch as chains of this sort are essential and constituent parts of bicycles, they also answer the call of the provision in paragraph 371, *supra*, for parts of bicycles. *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851; and *United States* v. *The J. D. Richardson Company*, 36 C. C. P. A. (Customs) 15, C. A. D. 390.

It is disclosed by the record that while the chains in controversy were ordered according to specifications, an error was committed in specifying the length of the chains, with the result that it was necessary to extend them 2 inches in the case of men's bicycles and 1 inch in the case of ladies' bicycles. Based upon these facts, plaintiff contends that the chains fall within the principle of the cases of *United States* v. *American Bead Co. et al.*, 9 Ct. Cust. Appls. 27, T. D. 37873, and *Davis Turner & Co.* v. *United States*, 13 Cust. Ct. 190, C. D. 893, wherein the doctrine was expounded that—

\* \* \* An article commercially suitable and commercially used for the making of different things is a material which is just as much adapted to the production of all of them as it is to the production of any one of them, and until it has been finally appropriated to some definite manufacturing use and has been given the distinguishing characteristics which clearly identify it as one of the components ultimately to be assembled into a particular completed whole, it can not be regarded as a part of any specified manufacture.

We pointed out earlier in this opinion that there was a failure of proof to establish other uses for the imported chains than on bicycles, and, inasmuch as the chains were ordered upon specifications for use exclusively upon bicycles and were so used, even though requiring certain alterations by reason of an error in the specifications, we are satisfied that they do not come within the doctrine of the two cases above cited.

Plaintiff also invites our attention to the case of *Mead Cycle Co.* v. *United States*, 45 Treas. Dec. 953, Abstract 47203, wherein certain sprocket chains used exclusively as parts of bicycles were held to be dutiable as "parts" of bicycles enumerated in paragraph 371 of the Tariff Act of 1922, rather than as "sprocket and machine chains, of iron or steel," which were provided for in paragraph 329 of said act. Plaintiff contends, in substance, that Congress overcame the effect of that decision by making certain changes in the phraseology of paragraph 329 as it appears in the Tariff Act of 1930 by eliminating the provision for "sprocket and machine chains, of iron or steel, and parts thereof," and substituting the provisions for "chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished," and that the latter provision is more specific than the provision for parts of bicycles.

In this connection, it is noted that when the bill which subsequently became the Tariff Act of 1930 was before the House Committee on Ways and Means, the attention of the committee was invited to the decision in *Mead Cycle Co.* v. *United States, supra,* and to the case of *Monowatt Electric Import Co.* v. *United States,* 52 Treas. Dec. 695, Abstract 4394, wherein certain chains used for making skid chains for automobiles were held not to be dutiable at the appropriate rate according to size as provided in paragraph 329 of the Tariff Act of 1922 but to be dutiable as "machine chain" within the purview of another provision in said paragraph. It was suggested that if Congress desired to overcome the effect of those decisions, paragraph 329 of the Tariff Act of 1930 should be amended to read—

\* \* \* sprocket and machine chains, of iron or steel, and parts thereof, *for use in driving machinery, including unattached sprocket chains for bicycles.* \* \* \*. [Italics quoted.]

See Committee Reports to Accompany H. R. 2667, Tariff Act of 1930, 71st Congress, 1st and 2d Sessions, at page 18.

It is significant that the suggested change was not adopted in the final enactment of the tariff act.

Plaintiff also refers to 68 Treas. Dec. 192, T. D. 47844, wherein the Treasury Department in 1935 expressed the opinion that certain sprocket chains for use on bicycles should be classified for duty as "chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, \* \* \* finished or unfinished" as provided in paragraph 329 of the Tariff Act of 1930.

However, it appears that this court in 1937 held that certain bicycle sprocket chains were dutiable as parts of bicycles as provided in paragraph 371 of the Tariff Act of 1930, as claimed by the importer in *Hudson Steel & Tube Corporation* v. *United States,* 71 Treas. Dec. 1162, Abstract 36228. No appeal was taken from that decision, and we regard it as the settled law with respect to the dutiable classification of bicycle chains provided by the Tariff Act of 1930.

Moreover, said decision was followed in at least 10 stipulated cases, *vide*:

*Wald Mfg. Co.* v. *United States,* 72 Treas. Dec. 887, Abstract 36857;

*D. P. Harris Hardware Mfg. Co.* v. *United States,* id. 891, Abstract 36879;

*Chicago Cycle Supply Co.* v. *United States,* 73 Treas. Dec. 1059, Abstract 37367;

*Wald Mfg. Co.* v. *United States,* id. 1059, Abstract 37368;

*Spiegel Bros. Corp.* v. *United States,* id. 1064, Abstract 37401;

*Spiegel Bros.* v. *United States,* id. 1189, Abstract 38037;

*Jonas B. Oglaend* v. *United States,* id. 1195, Abstract 38062;

*Mitsubishi Shoji Kaisha, Ltd.* v. *United States,* 1 Cust. Ct. 401, Abstract 39381;

*Spiegel Bros. Corp.* v. *United States,* id. 511, Abstract 39984;

*Richard C. Wolfe* v. *United States,* 2 Cust. Ct. 686, Abstract 41203.

In passing, reference is made to the Summary of Tariff Information, 1929, page 805, which was prepared for the enlightenment of Congress at the time of the passage of the Tariff Act of 1930, and which contains the following statement:

Among articles held dutiable as parts of bicycles under paragraph 371, are the following: *Steel sprocket chains* for exclusive use as parts of bicycles (Ab. 47203 and others); \* \* \*. [Italics quoted.]

Following the decision of this court in the *Hudson Steel & Tube Corporation* case, *supra,* we overrule the protest in all respects and affirm the decision of the collector of customs.

Judgment will issue accordingly.