BEFORE THE FIRST DIVISION, JUNE 10, 1953

No. 57385.—J. E. Bernard & Company, Inc. v. United States, protest 185676–K/3780 (Chicago).

OLIVER, Chief Judge: This case relates to pieces of vellum of various sizes which were classified as parts of percussion instruments under paragraph 1541 (a) of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51909, and accordingly assessed with duty at the rate of 20 per centum ad valorem. Plaintiff claims that the merchandise is free of duty under the *eo nomine* provision for "vellum" in paragraph 1736 of the Tariff Act of 1930.

The sole witness herein was the purchasing agent of the importing company, C. G. Conn, Ltd., of Elkhart, Ind., whose business is the manufacture of musical instruments. He ordered the merchandise in question and saw it on arrival in this country. Samples were produced of the items described on the invoice (entry 02706) as "31″ Transparent Tampanis" and "34″ Transparent Tympanis," plaintiff's collective exhibit 1. They consist of circular pieces of vellum, although neither has been accurately cut into a circle. Both have irregular edges. One piece is approximately 31 inches in diameter; the other is approximately 34 inches in diameter. The witness stated that the two samples are the same, except in size, as the other items in question, which are square pieces described on the invoices as "UNCUT vellums" of different sizes, i. e., 17 inches by 17 inches, 18 inches by 18 inches, and 20 inches by 20 inches. Although the merchandise is susceptible of various uses including, as stated by the witness, "lamp shades; manuscript folders, bookbinders, materials for artificial lamps," all of the items in question were used by the importer in the manufacture of drumheads, each piece being used in making one drumhead.

The merchandise cannot be used in its imported condition. To make it available for use in drumheads, the importer performs certain work thereon, which the witness described as follows (R. 6):

It was necessary for us to shave it, sand it, buff it, select it, mark it, cut it to size and as such, we would sell it as a tympany head to be used on the instrument. It would be further necessary to mount it on what we call a flesh hoop.

Explaining further why the merchandise cannot be used, in its imported condition, for drumheads, the witness testified as follows:

* * * When it is used on the tympany, we expect to get certain tones and with the thick hide on one side or vellum and a thin on the other, you wouldn't get the proper tone on the kettle drum or on the base drum or snare drum, you wouldn't get the vibration which is necessary from those instruments. They would have to be shaved and buffed and then, of course, selected and cut out to proper sizes.

As early as 1903, in the case of *Estate Frederic Paturel* v. *United States*, 6 Treas. Dec. 254, T. D. 24303, the question of classification of merchandise as vellum was the subject of customs litigation. The importance of that case to the present issue is the recognition given to the term "vellum" as a statutory designation that includes skins of various qualities from different animals and adaptable to several uses. The cited case arose under the Tariff Act of 1897 wherein paragraph 634 provided for "Parchment and vellum," without any words of qualification or limitation. The same statutory language has been followed in all subsequent tariff acts (paragraph 646 of the Tariff Act of 1909, paragraph 568 of the Tariff Act of 1913, and paragraph 1636 of the Tariff Act of 1922). The reenactment of the identical provision for "vellum" is persuasive toward invoking in this case the broad interpretation applied in the cited one.

The uncontradicted testimony now before us shows that the present merchandise is mere material that requires not only additional processing to obtain proper tone and vibration, but must also be mounted in a so-called "flesh hoop" before it is capable of use in a drumhead.

To support the collector's action herein, defendant relies on the decision in *United States* v. *Lyon & Healy*, 4 Ct. Cust. Appls. 84, T. D. 33366. In that case, the court observed that both the appraiser and the importer recognized the merchandise as drumheads. The only evidence therein was a sample of the commodity which was described in the decision as follows:

The official sample shows the articles to be round pieces of parchmentlike skin, which seem to be suitable in their present shape and condition to be fastened upon drums for service as drumheads. The several pieces are from 18 to 36 inches in diameter. The edges of the articles are clean and give no indication of the outside size of the skins from which they were cut.

In upholding the collector's classification of the merchandise as parts of musical instruments, the court said:

* * * In the present case the merchandise is called drumheads by both the importers and the appraiser alike. The articles, as shown by the official sample, seem to be completely prepared and adapted for use as drumheads, and by their size and shape they also seem to be finally appropriated to that use, and to that use alone. It is true that the articles have been cut from dressed skins; but they bear no resemblance in form to entire skins, and it is not at all improbable in the case of the smaller articles that a substantial part of the skins from which they were cut may have remained for other uses.

In this case, the record is sufficient to show that the present merchandise is materially different from that which was the subject of the *Lyon & Healy* case, *supra*. The commodity in question is not completely prepared and adapted for use as drumheads. On the contrary, substantial processing is necessary to the imported vellum, and then the material must be properly mounted or encased in a hoop.

The decision in *United States* v. *The Singer Manufacturing Company*, 37 C. C. P. A. (Customs) 104, C. A. D. 427, cited by defendant, does not support the collector's action herein. On the contrary, the case lends support to plaintiff's position. In that case, the merchandise consisted of rough castings of a particular

form intended for ultimate use as parts of a power transmitter or power table. The court found that "They were imported in the condition in which they left the foundry, nothing having been done to them after they were cast except the removal of gates, burrs, and other excrescenses," and, therefore, held the merchandise to be classifiable under the provision for castings. In reaching the conclusion, the court observed that the merchandise had not been "advanced in condition subsequent to the casting process so as to be made up into articles, or parts thereof, or into finished parts." In this case, the merchandise consists of rough-shaped vellum, requiring substantial processing before becoming available for its use by the importer in the manufacture of drumheads.

The statutory phrase, parts of percussion instruments, under which the present merchandise was classified, is a use provision. *United States* v. *Lyon & Healy*, 4 Ct. Cust. Appls. 438, T. D. 33873. Chief use is the test for "parts." *Magone* v. *Wiederer*, 159 U. S. 555. That the vellum in question was actually used in the manufacture of drumheads, is not conclusive of its tariff classification. *Pacific Guano & Fertilizer Co. et al.* v. *United States*, 15 Ct. Cust. Appls. 218, T. D. 42240.

It is a fundamental principle that the presumption of correctness attaching to the collector's classification is based on the presumption that the collector has found every fact to exist that is necessary to sustain his adopted classification. *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. (Customs) 1, T. D. 43309. Under that rule, the collector's action herein implies that the present merchandise is within the class or kind of merchandise chiefly used in the manufacture of percussion instruments. The presumption, attaching thereto, however, has been overcome by the evidence before us. Plaintiff's uncontradicted testimony is sufficient to establish that the vellum under consideration, in its condition as imported, is susceptible of a variety of uses. The samples (collective exhibit 1) support the oral testimony. It is readily discernible therefrom that the imported pieces can be applied to any of the uses mentioned by plaintiff's witness, as well as for the actual use to which they were employed.

On the basis of the present record, we find that the vellum in question is mere material which, in its imported condition, is not a part of percussion instruments, as assessed by the collector. It is properly classifiable under the *eo nomine* provision for "vellum" in paragraph 1736, *supra*, and free of duty thereunder, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.