BEFORE THE FIRST DIVISION, APRIL 21, 1955

**No. 58987.**—American Express Company and J. E. Bernard & Co., Inc. *v.* United States, protests 203081–K/4407 and 192341–K/3961 (Chicago).

OLIVER, Chief Judge: These two protests, which were consolidated at the time of trial, relate to pieces of vellum which are described on the invoices either as "Best Vellums" or as "Best Selected UNCUT Vellums." The collector classified the merchandise as parts of percussion instruments under paragraph 1541 (a) of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51909, and accordingly assessed duty at the rate of 20 per centum ad valorem. Plaintiffs claim that the merchandise is free of duty under the *eo nomine* provision for "vellum" in paragraph 1736 of the Tariff Act of 1930.

The case is a retrial of the issue presented in *J. E. Bernard & Company, Inc.* v. *United States*, 30 Cust. Ct. 473, Abstract 57385, the record in which case was incorporated herein on motion by plaintiffs and without objection from defendant. There, as here, the merchandise consisted of pieces of vellum of various sizes. On the basis of plaintiff's uncontradicted testimony in the incorporated case, we found, as matter of fact, that the merchandise was susceptible of various uses, including lamp shades, manuscript folders, bookbinders, materials for artificial lamps, and drumheads; that the merchandise was incapable of use in its imported condition; and that it always required additional processing to become available for any of its variety of uses.

Plaintiffs' uncontradicted testimony in the present case is merely cumulative and corroborative of the evidence introduced in the incorporated case. Therefore, the factual findings and legal conclusions reached in the *J. E. Bernard & Company, Inc.*, case, *supra*, have equal application in this case. Accordingly, we hold here, as we did in the cited case, that "the vellum in question is mere material

which, in its imported condition, is not a part of percussion instruments, as assessed by the collector. It is properly classifiable under the *eo nomine* provision for 'vellum' in paragraph 1736, *supra*, and free of duty thereunder, as claimed by plaintiff."

The protests are sustained and judgment will be rendered accordingly.