BEFORE THE FIRST DIVISION, MARCH 7, 1957

**No. 60553.**—Charles A. Redden, Inc., and Art Pearl Works *v.* United States, protests 244919–K and 247542–K (New York).

OLIVER, Chief Judge:  These two protests are limited to merchandise described on the invoices as Japanese ear-shell mosaics, with explanatory words indicative of shape and size.  The collector classified the items in question as parts of jewelry and assessed duty thereon at the rate of 55 per centum ad valorem under paragraph 1527 (a) of the Tariff Act of 1930, as modified by T. D. 51802.  Plaintiffs claim that the merchandise is properly dutiable at only 17½ per centum ad valorem under paragraph 1538 of the Tariff Act of 1930, as modified by T. D. 52373 and T. D. 52476, as manufactures, not specially provided for, composed in chief value of mother-of-pearl or shell.

The sole witness was the owner of Art Pearl Works, the importer, that manufactures ladies' dress buttons.  He identified samples of the several items in question (plaintiffs' collective exhibits 1 to 7, inclusive).  They consist of small pieces, either round or square, of varying sizes.  The surface of each is covered with mother-of-pearl, one-half dark and one-half light, that is reinforced with paper and cardboard.  The round pieces (plaintiffs' collective exhibits 1, 2, 3, and 4) vary in size from 13 millimeters to 26 millimeters; the square pieces (plaintiffs' collective exhibits 5, 6, and 7) vary in size from 12 millimeters to 18 millimeters.

The witness testified that he uses the imported items "as inserts to fit into buttons" of different styles (plaintiffs' collective illustrative exhibit 8) and that he has used them on the bands of women's hats. The witness further testified that he has seen this merchandise in retail stores, being used as shoe ornaments, "for inlays in the manufacture of antique furniture," for decorating cabinets, and in some jewelry items, i. e., "as decorating cigarette lighters, compacts, cuff links, tie slides and an ear ring." (R. 10.)

The case of *United States* v. *Cohn & Rosenberger, Inc.*, 19 C. C. P. A. (Customs) 137, T. D. 45259, cited in defendant's brief to support the collector's classification, is distinguishable from the present case. In the cited case, the merchandise consisted of articles of bone, carved into the shapes of small roses, which the court found were "so far manufactured as to be dedicated to the making of earrings, brooches, and pendants, all three of which finished articles are conceded to be jewelry." The same is not true of the items involved herein. On the contrary, plaintiffs' uncontradicted evidence—oral testimony as well as samples—shows that the present merchandise has many uses and that it is not definitely committed for use in the manufacture of items of jewelry. Under such circumstances, merchandise is not classifiable under a provision for "parts" of an article. *United States* v. *American Bead Co. et al.*, 9 Ct. Cust. Appls. 27, T. D. 37873. The collector's classification of this merchandise as parts of jewelry is, therefore, overruled.

While it can be said, on the basis of the record herein, that the merchandise in question is material suitable for use in the manufacture of jewelry, the provision in paragraph 1527 (d) of the Tariff Act of 1930 for such merchandise is limited to materials composed of metal. Since it was agreed by counsel for the respective parties, during the course of the trial, that the items in question are "in chief value of mother-of-pearl or shell," they are, therefore, removed from classification under paragraph 1527 (d), *supra*, and are properly dutiable at the rate of 17½ per centum ad valorem under paragraph 1538 of the Tariff Act of 1930, as modified by T. D. 52373 and T. D. 52476, as manufactures, composed in chief value of mother-of-pearl or shell, not specially provided for, as claimed by plaintiffs.

The protests are sustained and judgment will be rendered accordingly.