BEFORE THE FIRST DIVISION, DECEMBER 23, 1953

**No. 57708.**—B. Shackman & Co. and S. Stern, Henry & Co. *v.* United States, protest 200511–K (New York).

OLIVER, Chief Judge: This case relates to merchandise which was classified as toys under paragraph 1513 of the Tariff Act of 1930 and assessed with duty at the rate of 70 per centum ad valorem. Plaintiffs claim that the articles are properly dutiable under the *eo nomine* provision for valentines, with greeting, in paragraph 1410 of the Tariff Act of 1930, as modified by T. D. 51802, at the rate of 22½ per centum ad valorem.

At the outset, mention should be made of the well-established principle in customs law that the plaintiffs in a classification case have the twofold burden of proving the correctness of the alleged claim, as well as showing that the collector's classification is wrong. *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 C. C. P. A. (Customs) 150, C. A. D. 227; *United States* v. *Enrique C. Lineiro*, 37 C. C. P. A. (Customs) 5, C. A. D. 410. The importance of this rule in the present case lies in the broad interpretation applicable to paragraph 1513, *supra*, which not only defines the term "toy" as "an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development," but also includes an all-embracive provision reading as follows:

* * * The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

Under the issue as presented herein, plaintiffs have the burden of not only establishing that the articles in question are valentines, but also that they are not toys. In *United States* v. *Wanamaker*, 15 Ct. Cust. Appls. 310, T. D. 42485, toy steam engines were excluded from the *eo nomine* provision for "steam engines," and held to be properly classifiable as toys. In *Louis Wolf & Co., Bing Wolf Corp.* v. *United States*, 19 C. C. P. A. (Customs) 132, T. D. 45258, the court said that "an *eo nomine* designation of an article in a provision not intended to include toys would not remove the article from the toy paragraph, if it in fact was a toy." Although both of those cases arose under the Tariff Act of 1922, the statutory construction invoked therein has equal application to the provisions of paragraph 1513, *supra*, which is involved in the present controversy.

Two witnesses testified herein; one on behalf of the plaintiffs, and the other for defendant. The oral testimony, however, is relatively unimportant in the light of the sample, plaintiffs' exhibit 1. Samples are potent witnesses. (*United States* v. *May Department Stores Co.*, 16 Ct. Cust. Appls. 353, T. D. 43090; *United States* v. *Bernard, Judae & Co.*, 18 C. C. P. A. (Customs) 68, T. D. 44029; *United States* v. *The Halle Bros. Co.*, 20 C. C. P. A. (Customs) 219, T. D. 45995.) In this case, the representative sample of the articles in question is most persuasive in determining that the articles in question are valentines.

The article in question (exhibit 1, *supra*) is in the shape of a heart, measuring approximately 5 inches by 4½ inches, covered with red paper and with a metal edging. On each side of the article is a small metal handle. Under one of the handles is a noisemaker. Between the two halves of the article are small paper bellows. When the handles are grasped and the bellows are extended and pressed together, a musical note is emitted. While the present merchandise has the bellows to force air through the musical or noisemaking appendage, it is in no way comparable to the toy accordion introduced by the Government (defendant's illustrative exhibit A).

The imported article, in addition to being heart shaped, has printed, on one half in gold letters, the legend "To My Valentine," giving to the merchandise a positive attachment dedicating it for use on St. Valentine's Day as a valentine. The article conforms to the common meaning of "valentine," defined in Webster's New International Dictionary, Second Edition, as follows:

**valentine,** *n.* * * * **2.** Something sent or given, esp. to one's sweetheart, on St. Valentine's Day, as an amorous letter; specif., an ornamental engraved or printed greeting of a sentimental, or by extension, comic character, sent, usually anonymously, on this day.

While the probative effect of the sample in evidence is sufficient to say that the articles under consideration are valentines, the conclusion does not establish, on the record herein, a classification for the present merchandise under the specific provision for "valentines" in paragraph 1410, as amended, *supra*.

"The law is well settled that the classification by the collector and his official acts are presumptively correct" (*McKesson & Robbins, Inc.* v. *United States*, 27 C. C. P. A. (Customs) 157, C. A. D. 77), and it is equally "well established that the collector is presumed to have found every fact to exist that was necessary to sustain his classification" (*E. I. du Pont de Nemours & Co.* v. *United States*, 27 C. C. P. A. (Customs) 146, C. A. D. 75). Under those principles, the presumption of correctness attaching to the collector's action herein includes a finding by the classifying officer that the articles are chiefly used for the amusement of children. It was, therefore, part of plaintiffs' affirmative case to overcome that presumption by competent evidence. On that phase of their proof, plaintiffs have not met their obligation.

There is testimony by plaintiffs' witness, the general manager of the importing company, to the effect that he gave a valentine, like that in question, to an adult friend of his, and that when he visited the friend's home, he observed the valentine "on a table." Such testimony, appearing alone as it does herein, fails to overcome the presumption that the chief use of the present merchandise is for the amusement of children.

It should be observed that the construction of the sample, exhibit 1, *supra*, particularly its noisemaking features, lends support to the assessment of these articles as toys.

On the record before us, plaintiffs have failed to overcome the presumption of correctness attaching to the collector's classification of the present merchandise under paragraph 1513, *supra*. The protest is, therefore, overruled and judgment will be rendered accordingly.