(C. D. 1894)

THE AMERICAN IMPORT CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 27, 1957)

*Lawrence & Tuttle* (*Charles F. Lawrence* and *George R. Tuttle* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, and *Samuel D. Spector*, trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: This protest involves the classification and rate of duty applicable to merchandise described on the invoices as "steel

split rings." They were assessed with duty at the rate of 45 per centum ad valorem under the provision in paragraph 1535 of the Tariff Act of 1930 for "all other fishing tackle and parts thereof * * * finished or unfinished, not specially provided for," and are claimed to be properly dutiable at the rate of 22½ per centum ad valorem under the provision in paragraph 397 of the said act, as modified by the Presidential proclamation relating to the general agreement, T. D. 51802, for—

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*      \*      \*      \*      \*      \*      \*

Composed wholly or in chief value of * * * steel * * * but not plated with platinum, gold, or silver, or colored with gold lacquer: * * * Other [than certain specified articles or wares.]

Briefly stated, the issue is whether an article may be considered for tariff purposes a "part" of something, merely because it is chiefly used with such thing, even though it is not dedicated to such use.

The articles are small split steel rings of various sizes, from 6 to 15 millimeters in diameter, used to join one thing to another. The collector's classification, according to the brief filed on behalf of the defendant, was based upon the fact that such rings are chiefly used as parts of fishing tackle as connections or fastenings for the lures or baits.

The plaintiff has not attempted to disprove this fact, but has devoted its effort to showing that such rings are also commonly used as connections and fastenings for a wide variety of articles. Plaintiff's position is that, before a thing may be considered a "part" of another thing, there must be present some element of dedication to use as a part. Plaintiff contends that such element is lacking in this case.

In addition to the evidence offered by the plaintiff of the general use of the articles at bar, we think an examination of the samples, as shown on a card, plaintiff's exhibit 7, is conclusive that there is not present in the articles any element of dedication to use as parts of fishing tackle. They are aptly described by the first definition of "split ring" found in Webster's New International Dictionary, 2d edition, 1945, as follows:

A metal ring consisting of two complete turns of a helix pressed (sprung) flat together, used for holding keys, etc., which may be strung on it.

They are a rather common, everyday type of fastener, and, as indicated, used and susceptible of being used for holding or fastening small things, particularly those with an eye or a ring on them. In accordance with the presumption of correctness which favors the classification of the collector, it must be presumed that, in the sizes involved in the importation, they are chiefly used to fasten parts of fishing tackle together.

It is quite obvious, too, that they are eminently suitable for such use, inasmuch as, because of their construction, it would be virtually impossible for the parts to separate from the split ring in use, but, of course, this would be true in any other use as well.

The real question is, however, whether such chief use is sufficient to fix their tariff status as parts of fishing tackle. We are of the opinion that it is not; that, as claimed by the plaintiff, the tariff classification of "part" connotes dedication to use as such part.

The leading case on the point, we think, is *United States* v. *American Bead Co. et al.*, 9.Ct. Cust. Appls. 27, T. D. 37873, cited by plaintiff's counsel in the brief filed in its behalf. There, certain base metal snaps, clasps, and swivels, all types of connectors or fasteners as are the split rings at bar, were classified as parts of chains, dutiable under paragraph 356 of the Tariff Act of 1913. The evidence showed that they were used in the manufacture of metal neck chains, fan chains, vest chains, and eyeglass chains, and also in the making of bead necklaces.

In passing upon the issue thus presented, our appellate court said:

An article not an actual constituent of a manufacture can not be considered as part thereof unless it has been advanced to a point which definitely commits it to that specific class and kind of manufacture.

We regard the principle thus enunciated as establishing the requirement of physical dedication or commitment to use as part of another article or thing to constitute one article or thing as part of another. As has been said, such element of dedication is lacking in the split rings at bar.

The court went on to say:

* * * An article commercially suitable and commercially used for the making of different things is a material which is just as much adapted to the production of all of them as it is to the production of any one of them, *and until it has been finally appropriated to some definite manufacturing use and has been given the distinguishing characteristics which clearly identify it as one of the components ultimately to be assembled into a completed whole, it can not be regarded as a part of any specified manufacture.* [Italics added.]

There is nothing about the articles at bar which indicates that they have been appropriated to use as parts of fishing tackle or that they have been committed to such use. They are, therefore, not parts of fishing tackle in a tariff sense and, not being otherwise more specifically provided for, they are dutiable, as claimed, under the general provision for articles of steel, not specially provided for, in paragraph 397, as amended, as claimed.

Judgment will issue sustaining the protests accordingly.