BEFORE THE FIRST DIVISION, APRIL 3, 1962

**No. 66651.**—H. H. Elder & Co. and T. V. Promotions Import Co. et al. *v.* United States, protests 60/4527, etc. (Los Angeles).

OLIVER, Chief Judge: The merchandise in this case consists of certain electric motors, identified as "Model No. 35S2610," which were classified as parts of toys and assessed with duty at the rate of 35 per centum ad valorem under paragraph 1513 of the Tariff Act of 1930, as modified. An additional assessment under the provisions of section 4541 of the Internal Revenue Code, based on the copper content of the merchandise, is not disputed. Plaintiffs claim that the electric motors in question are properly classifiable under the provision in paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739, for "Articles having as an essential feature an electrical element or device," carrying a dutiable assessment at the rate of 12½ per centum ad valorem.

During the course of the trial, counsel for the respective parties stipulated that the article in question (plaintiffs' exhibit 1) is "a D.C. electric motor, having as an essential feature an electric element or device" (R. 6) ; that it has "less than a tenth of a horsepower" (R. 97) ; and that it is "in chief value of metal." (R. 6.)

Plaintiffs' evidence establishes that the electric motor in question is used in electrically operated toys, as well as in electric shavers, electric toothbrushes, electric erasers, electric swizzle sticks (automatic mixers), electric hair driers, hand-held vacuum cleaners, "in fans that cool tubes in television sets and hi-fi equipment" (R. 9), in "barbecue blowers to fan the flame," and in "barbecue spit rotators" (R. 48). In the sporting field, the electric motor under consideration is used "in a fishing pole to reel back the line," as an aerator "in minnow buckets," and "in duck decoys to power ducks at the end of a line." (R. 47.)

That the imported electric motor in question is not as reliable, nor as efficient, and is inferior in construction, to a comparable electric motor of domestic manu-

facture that is used for industrial purposes, as shown by defendant's testimony, will not disturb the positive fact, established by the record herein, that the electric motor under consideration is commercially used in a wide variety of articles that serve many different purposes.

While the rule of chief use controls classification of merchandise as a toy, under the statutory definition of the term, as set forth in paragraph 1513 of the Tariff Act of 1930, the same principle does not apply in the classification of articles as parts of toys, which is the provision concededly invoked by the collector in his assessment of duty on the present merchandise. Chief use is not the determining factor in denominating an article or thing as part of another. *The American Import Co.* v. *United States*, 39 Cust. Ct. 9, C.D. 1894. "An article not an actual constituent of a manufacture can not be considered as part thereof unless it has been advanced to a point which definitely commits it to that specific class and kind of manufacture," *United States* v. *American Bead Co. et al.*, 9 Ct. Cust. Appls. 27, T.D. 37873. Further enunciating the rule of chief use in the *American Bead Co.* case, our appellate court stated that until an article has been "finally appropriated to some definite manufacturing use and has been given the distinguishing characteristics which clearly identify it as one of the components ultimately to be assembled into a particular completed whole, it can not be regarded as a part of any specified manufacture." As stated by this court, in *Josiah Wedgwood & Sons, Inc., et al.* v. *United States*, 38 Cust. Ct. 430, Abstract 60566, "Merchandise is classifiable under the provision for 'parts' of an article when it is unserviceable for any other purpose, or incapable for any other use, than as part of a particular article or a particular class of articles."

Under the cited authorities, the electric motor in question is not part of a toy. It is not appropriated or committed to use with a toy. On the contrary, it is employed in a myriad of uses. Since the parties are agreed that this electric motor is a metal article having as an essential feature an electrical element or device, it is, therefore, specifically provided for under paragraph 353, as modified, *supra*, and dutiable thereunder at the rate of 12½ per centum ad valorem, as claimed by plaintiffs.

Consideration has been given to all of the cases cited in the briefs filed by counsel for the respective parties. Reference herein has been made only to those cases considered necessary to support the reasoning followed and the conclusion reached.

The protests are sustained, and judgment will be rendered accordingly.