BEFORE THE FIRST DIVISION, AUGUST 13, 1962

No. 66961.—James G. Wiley Co., a/c Ungar Electric Tools, Inc. *v.* United States, protest 59/29022(A) (Los Angeles).

OLIVER, Chief Judge: The articles involved in this protest are concededly electric motors of less than one-tenth horsepower. They were classified as parts of toys and assessed with duty at the rate of 35 per centum ad valorem under paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877. An additional assessment under the provisions of section 4541 of the Internal Revenue Code, based on the copper content of the merchandise, is not disputed. Plaintiff claims that the electric motors in question are properly classifiable under the provision in paragraph 353 of the Tariff Act of 1930, as modified by T.D. 54108, for "Articles having as an essential feature an electrical element or device," carrying a dutiable assessment at the rate of 12½ per centum ad valorem.

At the time of trial, counsel for defendant conceded that the electric motors in question are provided for in paragraph 353, as modified, *supra,* and that "in their imported condition they are not in themselves toys." (R. 3.)

Plaintiff's uncontradicted testimony shows that the electric motor in question (plaintiff's exhibit 1) is used in model boats, small race cars, model seaplanes, barbecue rotisseries, small vacuum cleaners, and shoeshine brushes.

In addition to the oral testimony of plaintiff's two witnesses, the record in *Polks Model Craft Hobbies, Inc., et al.* v. *United States,* 38 Cust. Ct. 422, Abstract 60545, was incorporated herein on motion by counsel for plaintiff. In that case, the merchandise consisted of electric motors that were used, as established by the uncontradicted testimony of plaintiffs' six witnesses, "in the manufacture or construction of various electrical products, including fans, vacuum cleaners, small machines and machine tools, as well as model boats, automobiles, and trucks."

The case of *H. H. Elder & Co. et al.* v. *United States,* 48 Cust. Ct. 397, Abstract 66651, controls the disposition of the present case. There, as here, the merchandise consisted of electric motors, having less than one-tenth horsepower, which, like the articles under consideration, were classified as parts of toys and claimed to be dutiable as articles having as an essential feature an electrical element or device. In the said *Elder* case, as in the present one, it was established that the electric motors were "commercially used in a wide variety of articles that serve many different purposes."

Since the facts presented in the combined records now before us are substantially the same as those shown in the *Elder* case, the reasoning employed in the application of legal principles followed in the *Elder* case has equal force and effect in the classification of the present merchandise. Accordingly, we quote at length from the cited case.

"While the rule of chief use controls classification of merchandise as a toy, under the statutory definition of the term, as set forth in paragraph 1513 of the Tariff Act of 1930, the same principle does not apply in the classification of articles as parts of toys, which is the provision concededly invoked by the collector in his assessment of duty on the present merchandise. Chief use is not the determining factor in denominating an article or thing as part of another. The *American Import Co.* v. *United States*, 39 Cust. Ct. 9, C.D. 1894. 'An article not an actual constituent of a manufacture can not be considered as part thereof unless it has been advanced to a point which definitely commits it to that specific class and kind of manufacture.' *United States* v. *American Bead Co., et al.*, 9 Ct. Cust. Appls. 27, T.D. 37873. Further enunciating the rule of chief use in the *American Bead Co.* case, our appellate court stated that until an article has been 'finally appropriated to some definite manufacturing use and has been given the distinguishing characteristics which clearly identify it as one of the components ultimately to be assembled into a particular completed whole, it can not be regarded as a part of any specified manufacture.' As stated by this court, in *Josiah Wedgwood & Sons, Inc., et al.* v. *United States*, 38 Cust. Ct. 430, Abstract 60566, 'Merchandise is classifiable under the provision for "parts" of an article when it is unserviceable for any other purpose, or incapable for any other use, than as part of a particular article or a particular class of articles.'

"Under the cited authorities, the electric motor in question is not part of a toy. It is not appropriated or committed to use with a toy. On the contrary, it is employed in a myriad of uses. Since the parties are agreed that this electric motor is a metal article having as an essential feature an electrical element or device, it is, therefore, specifically provided for under paragraph 353, as modified, *supra*, and dutiable thereunder at the rate of 12½ per centum ad valorem, as claimed by plaintiffs."

Consistent with our decision in the *Elder* case, *supra*, we hold the electric motors in question to be dutiable at the rate of 12½ per centum ad valorem under paragraph 353, as modified, *supra*, as claimed.

Consideration has been given to all of the cases cited in the briefs filed by counsel for the respective parties. In view of the controlling effect of the *Elder* case, it is considered unnecessary to discuss any cases other than those hereinabove referred to.

The protest is sustained and judgment will be rendered accordingly.