(Note: The following protests were decided by a special division, consisting of Oliver, Wilson, and Ford, Judges.)

No. 68170.—S. Rosenberg Christmas Corp. *v.* United States, protests 61/13751 and 61/16687 (San Francisco).

Oliver, Chief Judge: Two items are in dispute in these two protests. In protest 61/13751, the article in question is described on the invoice as "Mechanical Snowman with a broom and bell—Battery Operated." The item involved in protest 61/16687 is described on the invoice therewith as "Battery Operated Santa Claus w/bell action." Both articles were classified under the provision in paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 54108, for toys, not specially provided for, consisting of figures or images of animate objects, wholly or in chief value of metal, having a movable member or part, but not having a spring mechanism and valued at 30 cents or more per pound, with a duty assessment at the rate of 21 per centum ad valorem.

Plaintiff claims that the merchandise is properly classifiable under the provision in paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739, for articles composed wholly or in chief value of metal, not specially provided for, and having as an essential feature an electrical element or device, carrying a dutiable rate of 13¾ per centum ad valorem.

A sample of each of the articles in question is in evidence. The "Snowman," plaintiff's exhibit 1, wearing a black hat with a small styrofoam ball seated in a hole on top of the hat, is approximately 12 inches in height. Fitted into the metal shell, forming the body of the snowman, are two standard size flashlight batteries. By turning the switch that is installed in the back of the snowman, the eyes light up, a broom held in the arm moves back and forth, and the ball, by means of a fan blowing air through the hole in the hat, is suspended in a column of air.

The Santa Claus figure, plaintiff's exhibit 2, is approximately 13 inches in height, and, like the snowman, exhibit 1, its basic construction consists of a metal shell, fitted with electric batteries and a switch. By turning the switch, the eyes light up, the arm moves causing a bell, held in the right hand, to ring, and the head and body, from the waist up, sway from left to right.

Tariff classification of merchandise as a toy is controlled by statutory definition which appears in paragraph 1513 of the Tariff Act of 1930, as follows:

* * * As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

That the articles under consideration are activated by electrical devices, including a battery and small motor, which is the basis of plaintiff's claim for classification as articles having as an essential feature an electrical element or

device, under paragraph 353, as modified, *supra*, is not sufficient to nullify their classification as toys, under the clear and unambiguous language of the foregoing statutory definition, stating that the rate applicable to toys "shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act." It will be noted that the foregoing statutory definition is all-conclusive and embraces every conceivable kind of a toy, the criterion for classification thereunder being that the article is "chiefly used for the amusement of children."

Two witnesses testified herein. Both are associated with the plaintiff corporation, an importer and distributor of all sorts of Christmas items.

The president of the plaintiff corporation stated that he sells the present merchandise to "distributors, mail order firms and retail stores through our business of buying and selling Christmas decoration" (R. 9); that he has never sold such articles to toy stores or to the toy department of department stores, but only to the "trimming tree department" (R. 10). Concerning use of the two items under consideration, he testified that he had seen them in friends' homes among a grouping of various decorative articles; that there were no children in those homes; and that he had never seen children playing with either of the articles.

Much of the testimony of the sales manager of the plaintiff corporation is from the standpoint of merchandising. In this connection, he stated that toy stores rejected the items in controversy because they are seasonal toys, used only at Christmas time, and that he offered these articles to gift shops and department stores with the suggestion that they are suitable as display items. He stated, further, that these articles, when in use, would amuse adults and children; that he had never seen them used in homes; and that the only use he knew was "as a display in a department store."

At this point, it should be emphasized that the collector's classification of the present merchandise as toys carries a presumption of correctness, which, under the issue before us, includes a finding by the classifying officer that the articles in question are chiefly used for the amusement of children. *McKesson & Robbins, Inc.* v. *United States*, 27 CCPA 157, C.A.D. 77; *E.I. du Pont de Nemours & Co.* v. *United States*, 27 CCPA 146, C.A.D. 75. On the basis of the record herein, plaintiff has failed to overcome this presumption.

The statement of the president of the plaintiff corporation, relating to the use of these two items as party decorations in homes, appears herein as an individual's observation, without the force and effect of showing chief use of such merchandise. The admission by plaintiff's sales manager that the articles in question would amuse adults, as well as children, is not favorable to plaintiff's position. That the articles in question were never sold to toy stores, or to the toy department of department stores, as testified by both plaintiff's witnesses, has no importance in the tariff classification thereof. Chief use of the present merchandise is controlling. The merchandising medium through which the articles may be sold is not "a proper criterion" to judge their classification. *United States* v. *Ignaz Strauss & Co., Inc.*, 37 CCPA 32, C.A.D. 415. Samples are potent witnesses. *United States* v. *The Halle Bros. Co.*, 20 CCPA 219, T.D. 45995. The figure of the snowman, plaintiff's exhibit 1, and Santa Claus, plaintiff's exhibit 2, are appropriately colored and are equipped, as hereinabove described, with mechanical devices and electrical features, so that, from their general appearance and the amusement derived from their operation, they are articles which can be readily associated within the category of a "toy," as that term is defined in paragraph 1513, *supra*. Plaintiff has failed to make out a *prima facie* case.

Counsel for plaintiff, in their brief, cite *Illfelder* v. *United States*, 1 Ct. Cust. Appls. 109, T.D. 31115, which, in discussing classification of merchandise as toys, held that a toy "is essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is *reasonably* fitted for no other purpose." [Italics quoted.] The cited case arose under the Tariff Act of 1897 (paragraph 418), which did not include the statutory definition that is controlling herein. In the light of the definition of the term, "toy," paragraph 1513, *supra*, the judicial pronouncement in the *Illfelder* case has no influence in the classification of merchandise as a toy.

Consideration has been given to all of the cases cited in the briefs filed by counsel for the respective parties. Reference herein has been made only to those cases considered necessary to support the reasoning followed and the conclusion reached.

For all of the reasons hereinabove set forth, we hold the merchandise in question, as heretofore identified, to be dutiable at the rate of 21 per centum ad valorem under paragraph 1513, as modified, *supra*, as classified by the collector.

The protests are overruled and judgment will be rendered accordingly.