**WILLIAM SHALAND CORP.**

v.

**UNITED STATES.**

C.D. 3308; Protest Nos. 65/23676–18372–63 and 66/7016–4952–64.

United States Customs Court,
First Division.

Feb. 26, 1968.

Siegel, Mandell & Davidson, New York City (Harvey A. Isaacs, New York City, of counsel), for plaintiff.

Edwin L. Weisl, Jr., Asst. Atty. Gen., (Dominick M. Minerva and Andrew P. Vance, New York City, trial attorneys), for defendant.

Before WATSON and MALETZ, Judges, and OLIVER, Senior Judge.

MALETZ, Judge:

These cases consolidated for trial concern the propriety of the collector's action in classifying certain articles as "toys not specially provided for" under paragraph 1513 of the Tariff Act of 1930, as modified, dutiable at 35 percent ad valorem.[1] Plaintiff claims that the articles should properly be classified as "telescopes" under paragraph 228(b) of the act, as modified, dutiable at 25 percent ad valorem.[2] All other claims have been abandoned by plaintiff.

Paragraph 1513 provides in part:

> * * * As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. * * *

The collector's classification of the imports under the toy provision gives rise to a presumption that they are chiefly used for the amusement of children. United States v. L. Oppleman, Inc., 27 CCPA 264, C.A.D. 97 (1940); F. W. Woolworth Co. v. United States, 2 Cust. Ct. 1, C.D. 74 (1939). Plaintiff, in order to prevail, must establish, by a preponderance of the evidence, that at or immediately prior to the date of importation the involved or like articles were not chiefly used for the amusement of children. E. g., New York Merchandise Co., Inc. v. United States, 27 CCPA 117, C.A.D. 72 (1939). We hold that plaintiff has failed to discharge this burden.

Two witnesses testified in plaintiff's behalf, the first, a salesman and buyer employed by the importer, and the second, an ophthalmologist and Assistant Professor of Ophthalmology at the New York University College of Medicine. Defendant's case consisted of the testimony of a saleswoman employed at a

---

1. Paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 52739, provides:
   Toys, not specially provided for:
   *    *    *    *    *
   Other (except * * *) ..35% ad val.

2. Paragraph 228(b) of the Tariff Act of 1930, as modified by T.D. 53865, provides:
   Telescopes valued not over $2 each, finished or unfinished, not specially provided for ...............25% ad val.

New York City branch of Woolworth Company and an exhibit consisting of an article contained in a cellophane and cardboard package labeled "Telescope."

Each imported article (a representative sample of which is in evidence) consists of three flimsily connected metal tubes, the three having a common axis. The tubes, as a unit, are collapsible. Viewed in their collapsed state, the outer tube, i. e., the one having the greatest diameter, has an objective lens, while the innermost tube possesses an ocular lens. The outermost tube also contains a small compass. The article in its collapsed state is approximately six inches long; the ocular eyepiece is about one inch in diameter, while the shade at the other end has a diameter of about one and one-half inches. Its retail price ranges from 25 cents to $1.50, depending on where it is sold.

The importer's salesman-buyer witness testified that he sold merchandise similar to the imported articles to jobbers in various parts of the United States, and, in at least two instances, forwarded merchandise directly to the customers of these jobbers. Based on his familiarity with the businesses of his customers, the witness testified that "a good portion" of the concerns that purchase from him sell the merchandise to concessionaires who then resell it at sporting events, circuses, carnivals, and rodeos. He further testified that while he had demonstrated the articles to prospective wholesale customers, he had never personally observed their use. He added that most of the articles distributed at baseball games were sold in the bleachers, so he "assume[d] they were sold to people to see a little better in certain instances." (R. 10.)[3]

■ Against this background, the record fails to establish that the imported articles purchased from the concessionaires were not chiefly used for the amusement of children. For one thing, the fact that some of the articles are sold at public events is scarcely sufficient to show that they are not toys. To the contrary, it is common knowledge that toys are frequently sold at sporting events, circuses, carnivals, and rodeos. Moreover, plaintiff's salesman-witness did not possess the requisite personal knowledge and had made no personal observations regarding the use of the merchandise here in issue. His testimony concerning an indeterminate number of imports allegedly distributed through largely unidentified concessionaires is so vague and indefinite that it has little probative value in establishing that their chief use is not the amusement of children. F. W. Woolworth Co. v. United States, supra, 2 Cust.Ct. 1, on which plaintiff places major reliance is entirely different. In *Woolworth*, which involved importations of small-sized opera glasses, plaintiff presented seven witnesses, all of whom testified concerning the element of chief use of the merchandise—which testimony demonstrated that it was not chiefly used for the amusement of children. On the basis of this testimony and the samples in evidence, this court held that the merchandise was not a toy. The factual pattern in the present case is obviously far different considering that plaintiff has failed to present any reliable proof concerning the chief use of the merchandise here involved.

■ These considerations aside, even if it were to be assumed that the merchandise sold by plaintiff was not chiefly used for the amusement of children, this would fall far short of establishing that the particular class or type of goods, as a whole, is chiefly used in the same manner. The actual use to which the merchandise sold by plaintiff is put is not determinative of its chief use; it is the use of the particular class or type of goods, as a whole, that is controlling.

3. As set out above, the imported article contains a small compass (which is less than one-half inch in diameter). The presence of the compass appears to be of no use in viewing public events, and plaintiff has presented no testimony concerning the use of this component.

United States v. Spreckels Creameries, Inc., 17 CCPA 400, T.D. 43835 (1930); Atkinson, Haserick & Co., Inc. v. United States, 52 Cust.Ct. 215, C.D. 2463 (1964). In this connection, there is no evidence in the record that plaintiff's sales of the imported merchandise comprise a substantial portion of, let alone the bulk of, all sales of similar merchandise in the United States. Nor does the record even establish that resales by plaintiff's customers to public events concessionaires constitute the better part of plaintiff's own sales of the imported merchandise. Added to this, the testimony of defendant's witness demonstrates that similar merchandise is sold through toy outlets.

Plaintiff's second witness, the ophthalmologist, testified that he performed certain standard tests to determine the efficiency of the merchandise in question and concluded that it was a telescope of the "terrestrial or Galilean" variety. But the fact that the imported article may be a telescope does not preclude its classification as a toy. For paragraph 1513, the toy provision, provides in part:

> * * * The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

This statutory mandate, it is clear, "is all-conclusive and embraces every conceivable kind of a toy, the criterion for classification thereunder being that the article is 'chiefly used for the amusement of children'." S. Rosenberg Christmas Corp. v. United States, 51 Cust.Ct. 283, 284, Abstract 68170 (1963). See also B. Shackman & Co. et al. v. United States, 31 Cust.Ct. 352, Abstract 57708 (1953). Thus assuming the record established that the import is a telescope (a question we need not decide), plaintiff would still not be relieved of its burden of proving that it was not chiefly used for the amusement of children. Once it is shown that an article's chief use is the amusement of children,

the all-embracive language of paragraph 1513 requires its classification as a toy.

 We hold that plaintiff has failed to prove that the articles in question are not chiefly used for the amusement of children. The protests in this case are, therefore, overruled and judgment will issue accordingly.

OLIVER, Senior Judge, and WATSON, Judge, concur.