**No. P68/253.**—Globe Importing Company et al. *v.* United States, protests 61/12189, etc. (Philadelphia).

**No. P68/254.**—Hancock Gross Mfg., Inc. *v.* United States, protest 62/4300 (Philadelphia).

**No. P68/255.**—Durst Industries, Inc., and Globe Importing Company *v.* United States, protests 66/50358 and 66/13137 (New York).

BECKWORTH, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of strainers in chief value of brass similar in all material respects to those the subject of *Davies, Turner & Company* v. *United States* (55 Cust. Ct. 488, Abstract 69651), the claim of the plaintiffs was sustained.

**No. P68/256.**—Franklin Lock & Pulley Mfg. Corp. *v.* United States, protests 64/5657, etc. (New York).

LANDIS, J. In accordance with stipulation of counsel that the items of merchandise marked "A", covered by the foregoing protests, consist of padlocks, not cabinet locks; that the items of merchandise marked "B" consist of cabinet locks; and that said items marked "A" or "B" are of plate or disc tumbler construction similar in all material respects to those the subject of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), the claims of the plaintiff were sustained.

BEFORE THE FIRST DIVISION, JUNE 4, 1968

**No. P68/257.**—Park Plastic Company *v.* United States, protest 59/23188 (New York).

MALETZ, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of electric motors similar in all material respects to those the subject of *James G. Wiley Co., a/c Ungar Electric Tools, Inc.* v. *United States* (49 Cust. Ct. 199, Abstract 66961), the claim of the plaintiff was sustained.