57 CCPA

**VICTORIA DISTRIBUTORS, INC.,**
Appellant,

v.

The **UNITED STATES,** Appellee.

Customs Appeal No. 5343.

United States Court of Customs
and Patent Appeals.

April 30, 1970.

Allerton deC. Tompkins, New York City, for appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Alan S. Rosenthal, Raymond D. Battocchi, Washington, D. C., for the United States.

Before RICH, Acting Chief Judge, BALDWIN and LANE, Associate Judges, and JONES, Senior Judge, United States Court of Claims, sitting by designation.

LANE, Judge.

Victoria Distributors, Inc., importer, appeals from the judgment of the United States Customs Court, Second Division, 61 Cust.Ct. 375, C.D. 3635 (1968), overruling its protest against the collector's assessment of duty at 30 per centum ad valorem on generator lighting sets, classified as parts of bicycles under paragraph 371 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas.Dec. 305, T.D. 51802. Appellant contends that the generator lighting sets should have been classified under paragraph 353 of said act, as modified by said General Agreement on Tariffs and Trade, as articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy and dutiable at the rate of 15 per centum ad valorem, or under said paragraph as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas.Dec. 121, T. D. 52739, or by Presidential Proclamation No. 3468, 97 Treas.Dec. 157, T.D. 55615, and Presidential Proclamation No. 3479, 97 Treas.Dec. 430, T.D. 55649, as articles having as an essential feature an electrical element or device and dutiable at 13¾ per centum ad valorem or 12½ percentum ad valorem, depending on the

respective dates of entry. We affirm the judgment of the Customs Court.

The pertinent provisions of the statutes involved read as follows:

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 51802:

Article suitable for producing, rectifying, modifying, controlling, or distributing electrical energy  *  *:

*　　*　　*　　*　　*　　*　　*　　*

Other articles (except machines for determining the strength of materials or articles in tension, compression, torsion, or sheer; flashlights; batteries; vacuum cleaners; and internal-combustion engines) .......... 15% ad val.

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

*　　*　　*　　*　　*　　*　　*　　*

Other (*  *  *) .......................... 13¾% ad val.

This rate was reduced to 12½ per centum ad valorem by T.D. 55615 and T.D. 55649.

Paragraph 371 of the Tariff Act of 1930, as modified by T.D. 51802:
Parts of bicycles, not including tires:

*　　*　　*　　*　　*　　*　　*　　*

Other .................................. 30% ad val.

———◆———

The generator lighting sets in issue consist essentially of a dynamo, a headlight, a taillight and two cables. In operation, the dynamo is tilted against a bicycle wheel and through the motion of the wheel is turned, thereby generating electricity which is supplied to the lights.

The issue before us is similar to that involved in Victoria Distributors, Inc. v. United States, Cust. & Pat.App., 425 F.2d 763, decided concurrently herewith, with the exception that therein involved were battery-operated horn-light combinations. As in that case, the evidence establishes that the merchandise in question is sold throughout the bicycle trade except that it is not sold as original equipment to bicycle manufacturers. Here, as there, the record makes clear that the trade makes a distinction between accessories and parts of bicycles and regards the subject items as optional equipment or accessories.

This court has discussed the relevant law in No. 5340, and we find that law controlling here. The question here thus becomes one of whether appellant has met its burden of overcoming the presumption of correctness that attaches to the collector's classfication by establishing that the generator lighting sets are not dedicated to use with bicycles. Prior to reviewing the evidence on that issue, we consider appellee's contention that the decision in United States (Korlis Ltd., Party in Interest) v. Westfield Manufacturing Co., 49 CCPA 96, C.A.D. 803 (1962), requires affirmance of the hold-

ing below. We are of the opinion that it does not necessarily so require for two reasons. First, the legal issue there was not whether generator sets were classifiable for duty as parts of bicycles, but whether they were or were not accessories within the common meaning of that term for the sole purpose of determining what a complete bicycle weighs without its accessories. Second, as we noted in 425 F.2d 763, "[s]ignificant., * * * is the question of whether the imported [goods] are dedicated for use upon bicycles in the performance of the function for which they were designed."

The evidence introduced herein by appellant consisted of exhibits and the testimony of four witnesses. Victoria's president testified that he had seen bicycle light-generator sets used not only on bicycles but also on motorbikes and small motor scooters, although he was unable to say whether or not such were of the same manufacture as the imports in issue. He stated also that the motorbikes on which he saw these sets used most often were essentially identical to a normal bicycle, except that they had a motor built into them. The witness further testified that modifications were necessary to adapt the sets to a motor scooter. The sales manager of Oxford International, a firm selling bicycles and accessories, testified that he had seen bicycle light-generator sets used on motor scooters, motorbikes and golf carts, but he was unable to identify them as of the same manufacture as the imports. The president and general manager of Oxford International testified that he had seen bicycle light-generator sets used on motorbikes, scooters, and motorcycles. Furthermore, he stated, his firm sold sets to a motor scooter company and one such company used the sets on golf carts and industrial carts. When the sets were used on certain brands of motorbikes, no modifications were necessary. In the witness' opinion, of all the sets he had seen used, 90 percent were on bicycles and 10 percent on other vehicles. Another of appellant's witnesses stated that he had seen generator sets like those in issue used on motorbikes.

Appellee called as a witness the president and general manager of a firm which retails, wholesales and distributes motor scooters. He testified that he had seen thousands of small wheel motorized vehicles since he has been in business but that he had never seen an item similar to those in question used on any small wheel motorized vehicle.

The Customs Court concluded from the evidence that the use of the generator sets other than on standard bicycles is primarily on motorbikes, which according to the uncontroverted record are essentially bicycles with a small auxiliary motor and require pedals to start the vehicle or to operate it uphill. Combining this view with dictionary definitions of motorbikes and bicycles, the court below found that the motorbikes referred to herein were bicycles rather than motorcycles. Thus, it concluded that the use of the imported generator sets on such motorbikes would not preclude their classification as parts of bicycles.

■■ Appellant contends that motorbikes are not bicycles and, even if this court would hold that they are, that the record establishes that the generator sets in question have substantial use on vehicles other than bicycles. We find it unnecessary to treat the question of whether motorbike use is bicycle use, because, in our opinion, the use of the generator lighting sets on motorbikes is too limited to constitute substantial commercial use, even when considered together with the infrequent use on other small-wheeled vehicles. In summary, we cannot say that the Customs Court erred in finding that the merchandise in question was dedicated to use on bicycles.

The judgment is affirmed.

Affirmed.