(C.D. 4174)

KNICKERBOCKER PLASTIC CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 8, 1971)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiff.
*L. Patrick Gray, III*, Assistant Attorney General (*Patrick Gill*, trial attorney), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: These two protests—which were consolidated for trial—involve the question as to the proper duty rate on certain miniature motors that were imported from Japan via the port of Los Angeles in 1960. The imported motors were classified by the government as parts of toys under paragraph 1513 of the Tariff Act of 1930, as modified, T.D. 53865, and assessed duty of 35 percent.[1] Plaintiff's claim is that the motors are properly dutiable at only 12½ percent under paragraph 353, as modified, T.D. 54108, which covers motors having as an essential feature an electrical device or element.[2]

Plaintiff's contention basically is that the motor in question is not a part of a toy on the asserted ground that it is not dedicated for use with toys but rather is a standard electric motor. Defendant argues that plaintiff has failed to prove that the motor is not so dedicated.

To meet its burden of proof, plaintiff relies on the testimony of one witness—Rudolph Chaplar, who was chief engineer for plaintiff Knickerbocker from 1946 to 1960.[3] Knickerbocker, he testified, was engaged in the toy business, and it was the witness' responsibility to purchase, design and build the tools with which to make the toys that Knickerbocker produced. He testified that the imported motors were

---

[1] Paragraph 1513, as thus modified, covers:
 Toys, and parts of toys, not specially provided for:

 * * * * * * *
 parts of toys;
 all the foregoing_____ 35% ad val.
 It is to be noted that articles described or enumerated under paragraph 1513 are dutiable thereunder "whether or not more specifically provided for elsewhere in this Act." See e.g., *William Shaland Corp.* v. *United States,* 60 Cust. Ct. 181, 184, C.D. 3308, 280 F. Supp. 457, 460 (1968).

[2] Paragraph 353, as modified, provides:
 Articles having as an essential feature an electrical element or device,
 such as electric motors * * * finished or unfinished, wholly or in
 chief value of metal, and not specially provided for:

 * * * * * * *
 Motors:

 * * * * * * *
 Other _____ 12½% ad val.

[3] Defendant did not call any witnesses

not dedicated to be used on toys "because * * * [they] were standard motors that were purchased out of a catalog." He further testified that he himself had never used the imported motors in anything but Knickerbocker toys but had seen "a pair" of these motors used in an electric shear or scissors that was produced by Eldon Industries. Eldon, the witness added, is a toy manufacturer for which the witness had worked for six years.

As thus summarized, the sum and substance of the witness' testimony is that the imported motor was not dedicated to toy use because it was a standard motor purchased out of a catalog; that he himself had never used the motor in anything but a toy; and that he had seen the motor used in an electrical shear produced by a toy company. Such testimony, it is clear, falls considerably short of establishing that the import was not dedicated for use as a toy.

In the first place, the statement that the import was not dedicated to toy use because it was a standard motor purchased out of a catalog, aside from being vague and conclusory, proves nothing. For even accepting the statement at full face value, it does not indicate whether the motor is a standard toy motor. Nor does it identify the nature of the catalog in question. Indeed, for all that appears, the witness may have seen the motor in a toy catalog. The point is that a declaration of this kind is scarcely sufficient to overcome the presumptively correct finding that the motor was dedicated for use with toys.

Standing on no better footing is the witness' testimony that he had seen the imported motor used in an electrical shear produced by a toy company. For nowhere in that testimony is the court informed as to whether or not the electrical shear was itself a toy item. And even assuming the shear was not a toy, the testimony is far from enough to establish a "substantial commercial use" for the imported motors in non-toy items. See e.g., *Victoria Distributors, Inc.* v. *United States*, 57 CCPA 76, C.A.D. 979, 425 F. 2d 763 (1970) ; *Victoria Distributors, Inc.* v. *United States*, 57 CCPA 80, C.A.D. 980, 425 F. 2d 759 (1970). *Cf.*, e.g., *James G. Wiley Co.*, etc. v. *United States*, 49 Cust. Ct. 199, Abstract 66961 (1962).

The protests are overruled, and judgment will be entered to that effect.